711 A.2d 405

DOROTHEA T. WACHT, PLAINTIFF–APPELLANT, v. ZAHEER A. FAROOQUI, M.D., CAPE RADIOLOGY, ROBERT W. CIFERS, M.D., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 2, 1998—Decided June 12, 1998.

Before Judges DREIER and PAUL G. LEVY.

Warren W. Faulk, argued the cause for appellant (Brown & Connery, attorneys; Mr. Faulk and Christine A. Campbell, on the brief).

Respondent Zaheer A. Farooqui, M.D., did not file a brief.

*James P. Savio*, argued the cause for respondents Cape Radiology and Robert W. Cifers, M.D., (*Savio, Reynolds & Drake*, attorneys; *Sunny L. Shavelson* and *Mr. Savio*, on the brief).

The opinion of the court was delivered by

PAUL G. LEVY, J.A.D..

Plaintiff alleged that her initial treating physician, defendant Zaheer A. Farooqui, M.D., was negligent in failing to diagnose her "anterior subcoracoid dislocation of the right shoulder," and that this injury was aggravated by therapeutic manipulation and exercise ordered by Dr. Farooqui. She also alleged that defendants Robert W. Cifers, M.D. and Cape Radiology (the radiology defendants) were negligent in their review, study and interpretation of her x-rays and their failure to diagnose her dislocated shoulder.

In the affidavit of merit filed with the complaint, Joseph P. Iannotti, M.D., Ph.D., stated his qualifications and opinion, supposedly in accordance with *N.J.S.A.* 2A:53A–26 to –29. Dr. Iannotti stated that he is the Chief of Shoulder and Elbow Services in the Department of Orthopaedic Surgery and Associate Professor of Orthopaedic Surgery at the University of Pennsylvania Health Systems. The affidavit specified that since 1986, his practice had been devoted to "the specialty of Orthopaedic surgery with a particular specialty regarding the care and treatment of the shoulder and elbow." Noting that he had examined plaintiff and reviewed her medical records "depicting the care and treatment rendered [to] her by the defendants" regarding the injuries at issue here, he opined that there was a reasonable probability that the care and treatment given by defendants "fell outside acceptable professional standards and practices."

Without completing discovery, the radiology defendants moved to dismiss the claims against them for failure to supply an affidavit of merit. It was not disputed that the affidavit had been timely filed, but they asserted that Dr. Iannotti was not competent to give an affidavit of merit to support the case against Dr. Cifers because the affiant is not board certified in radiology, whereas Dr.

Cifers is, and the alleged negligence of Dr. Cifers dealt with his "interpretation of a medical imaging study."

In response to the motion, plaintiff submitted Dr. Iannotti's extensive *curriculum vitae* which includes, among others, citations to scientific presentations, lectures and original papers he had authored dealing specifically with radiologic imaging of the shoulder.

The motion judge, in a written opinion, granted defendants' motion based on his finding that Dr. Iannotti was neither board certified in radiology "nor has he devoted his practice to the specialty of radiology." We granted leave to appeal, and we now reverse because we conclude the judge's view was not in accord with the plain meaning of the statute.

The statutory requirement of an affidavit of merit was enacted as a "tort reform." *N.J.S.A.* 2A:53A–26 to –29. The Supreme Court recently reviewed this statutory scheme, but it did not consider the issue with which we are faced here. *See Cornblatt v. Barow*, 153 *N.J.* 218, 708 *A.*2d 401 (1998). *N.J.S.A.* 2A:53A–27 provides, in pertinent part:

> The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area *or* specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

[emphasis added].

The statute clearly provides that an affiant who devoted at least five years of his practice "substantially to the ... specialty involved in the action" has the "particular expertise" required to execute the affidavit. The Legislature clearly recognized, as did our Supreme Court in *Rosenberg by Rosenberg v. Cahill*, 99 *N.J.* 318, 331–34, 492 *A.*2d 371 (1985) and in *Sanzari v. Rosenfeld*, 34 *N.J.* 128, 136, 167 *A.*2d 625 (1961), that there are overlaps in practice between and among the various medical professions and specialties. Thus, a doctor in one field would be qualified to

render an opinion as to the performance of a doctor in another with respect to their common areas of practice.

We reject defendants' assertion that because Dr. Cifers is a board certified diagnostic radiologist, a similarly qualified expert must execute the affidavit of merit against him. It is clear that Dr. Iannotti's speciality of shoulder and elbow surgery necessarily overlaps with the practice of diagnostic radiology of these areas of the body. We therefore hold that his affidavit, properly supplemented by his *curriculum vitae* pursuant to *Cornblatt v. Barow* [1], demonstrates that he is more than qualified to supply the required basis for the complaint, and the affidavit of merit submitted with the complaint complies with *N.J.S.A.* 2A:53A–27.

Reversed and remanded for further proceedings.

---

[1] "[T]he description [of the affiant's qualifications] can ... be presented in conjunction with the affidavit (rather than in the affidavit itself) so that the defendant can evaluate the qualifications and develop any challenges accordingly, consistent with the purpose of the Affidavit of Merit Bill." *Id.* at 242, 708 A.2d 401.