SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**Stephen Meehan v. Peter Antonellis, DMD (075265) (A-45-14)**

**Argued March 15, 2016 – Decided August 9, 2016**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal involving the Affidavit of Merit statute (AOM statute), N.J.S.A. 2A:53A-26 to -29, the Court determines whether an affiant submitting an affidavit of merit must have credentials equivalent to those of the defendant, either pursuant to the like-qualified standard of the Patients First Act, N.J.S.A. 2A:53A-41 (section 41), or under the credentials standards outlined in N.J.S.A. 2A:53A-27 (section 27) of the AOM statute. The Court also determines the sufficiency of the affidavit of merit that plaintiff submitted in support of his action against defendant for dental malpractice.

Plaintiff consulted defendant, an orthodontist, seeking treatment for sleep apnea. Defendant fitted plaintiff with a dental appliance intended to reduce plaintiff's symptoms. After wearing the device while sleeping, plaintiff noticed that his teeth had shifted. A subsequent sleep study revealed that plaintiff's symptoms worsened during the time that he used the appliance. Defendant attempted to remedy plaintiff's condition with a new appliance, without success. Plaintiff filed an action for dental malpractice against defendant, alleging that defendant's treatment created large gaps between his teeth and worsened his sleep apnea condition. Defendant's answer to the complaint did not identify the field in which he specialized and whether his treatment of plaintiff involved that specialty, as required by Rule 4:5-3.

Plaintiff filed a timely affidavit of merit from a dentist who specializes in prosthodontics and has over twenty years of experience in the treatment of sleep apnea. He opined that defendant's failure to inform plaintiff of the risks associated with use of the dental device fell outside the standards of care for oral appliance therapy. Defendant filed a motion to dismiss plaintiff's complaint with prejudice, asserting that plaintiff was required to submit an affidavit of merit from a like-qualified dentist, which, in this case, was an orthodontist. The trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. The court held that section 27 of the AOM statute required that the affidavit of merit be submitted by a like-qualified professional who practices in the same specialty or subspecialty as the defendant, and therefore required plaintiff to submit an affidavit of merit from an orthodontist. The court denied plaintiff's motion for reconsideration, finding that the affiant and defendant were not equivalently qualified because the affiant specialized in different areas of practice.

The Appellate Division affirmed the orders dismissing plaintiff's complaint with prejudice and denying reconsideration. The appellate panel recognized the distinction between medical malpractice and dental malpractice actions, but found that the credentialing requirements for affiants who provide an affidavit in a medical malpractice action under section 41 of the Patients First Act also apply to section 27 of the AOM statute. Applying that standard, the panel concluded that plaintiff's affiant lacked the requisite statutory qualifications to issue an affidavit of merit against the defendant.

This Court granted plaintiff's petition for certification. 221 N.J. 218 (2015).

**HELD:** The enhanced requirements of section 41 of the Patients First Act which govern the qualifications of persons permitted to submit an affidavit of merit, or provide expert testimony, in a medical malpractice action, apply only in medical malpractice actions. In all other actions against a licensed professional, section 27 of the AOM statute prescribes the qualifications of the person who may submit an affidavit of merit against a licensed professional. The affidavit of merit that plaintiff submitted in this action, from a licensed dentist with experience in the treatment of sleep apnea, satisfies section 27. The trial court therefore improperly dismissed the complaint.

1. The AOM statute is intended to eliminate frivolous claims against licensed professionals early in the litigation

1

process, and to permit meritorious claims to proceed efficiently. Under section 27 of the statute, a plaintiff alleging that certain designated professionals negligently performed professional services is required to provide an affidavit from an expert attesting to the merits of the claim. The submission of an affidavit of merit is considered an element of the claim, and the failure to submit an appropriate affidavit of merit ordinarily requires dismissal of the complaint with prejudice. However, a complaint will not be dismissed if the plaintiff has substantially complied with the affidavit of merit obligations. Additionally, if the plaintiff can demonstrate extraordinary circumstances that prevented compliance, the complaint will be dismissed without prejudice. An accelerated case management conference, as required by Ferreira v. Rancocas Orthopedic Assocs. 178 N.J. 144 (2003), is intended to identify and address, early in the litigation, any issues concerning the affidavit of merit. (pp. 14-18)

2. Section 27 of the AOM statute was amended in 2004 to direct that medical malpractice actions comply with section 41 of the Patients First Act. Section 41 precludes a person from providing expert testimony or executing an affidavit of merit in a medical malpractice action unless the expert or affiant is a licensed physician or other health care professional in the United States, and meets other standards, depending on the qualifications and area of practice of the party against whom or on whose behalf the testimony is provided. In all negligence actions against designated licensed professionals, other than medical malpractice actions, the affidavit of merit is governed by the original provisions of section 27. (pp. 18-20)

3. In determining whether the enhanced credential standards stated in section 41 apply to an action for dental malpractice, the Court examines the legislative intent of the statute. The plain language of section 41 states that the like-qualified standards apply only to physicians who are defendants in medical malpractice actions. This interpretation is also supported by and consistent with the stated purpose of the Patients First Act and its legislative history. The issues regarding the delivery of health care that the Legislature identified and the measures that the Legislature adopted to address them with the adoption of section 41 pertain only to physicians, without reference to any other licensed professionals. Under the plain language of sections 27 and 41, the enhanced credential requirements established by section 41 for those submitting affidavits of merit and expert testimony apply only to physicians in medical malpractice actions. (pp. 21-25)

4. Section 27, which is applicable here, does not impose a like-qualified standard for an affiant who submits an affidavit of merit in a negligence action against designated professionals. The language of section 27 under consideration has remained unchanged since the AOM statute was adopted in 1995. Section 27 requires the affiant to be licensed in this or another state, and have particular expertise in the general area or specialty involved in the action, and addresses the manner in which that expertise may be demonstrated. There is no textual support for the application of the like-qualified requirement of section 41 to affiants submitting an affidavit of merit against designated professionals under section 27. (pp. 25-26)

5. Based on the statute's plain language and the manner in which it has been applied since its adoption, the Court concludes that section 27 requires no more than that the person submitting an affidavit of merit be licensed in this or another state, and have particular expertise in the general area or specialty involved in the action. The enhanced requirements of section 41 governing the qualifications of persons permitted to submit an affidavit of merit, or provide expert testimony against or in support of a physician in a medical malpractice action, apply only in medical malpractice actions. In this case, the affiant is a licensed dentist who has particular expertise in the diagnosis and treatment of sleep apnea, the general area involved in the professional negligence action that plaintiff commenced. Measured by these standards, the affidavit of merit that plaintiff submitted satisfied the requirements of section 27. (pp. 28-34)

The judgment of the Appellate Division is **REVERSED**, and the matter is **REMANDED** to the trial court for further proceedings.

**CHIEF JUSTICE RABNER, JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA and SOLOMON, join in JUDGE CUFF's opinion. JUSTICE PATTERSON did not participate.**

STEPHEN MEEHAN,

 Plaintiff-Appellant,

  v.

PETER ANTONELLIS, DMD,

 Defendant-Respondent.


   Argued March 15, 2016 – Decided August 9, 2016

   On certification to the Superior Court, Appellate Division.

   E. Drew Britcher argued the cause for appellant (Britcher Leone, attorneys; Mr. Britcher and Jessica E. Choper, on the briefs).

   Kenneth M. Brown argued the cause for respondent (Wilson, Elser, Moskowitz, Edelman & Dicker, attorneys; Robert T. Gunning, of counsel and on the briefs).

   Abbott S. Brown argued the cause for amicus curiae New Jersey Association for Justice (Lomurro, Munson, Comer, Brown and Schottland, attorneys; Mr. Brown, Jonathan H. Lomurro, and Christina Vassiliou Harvey, on the brief).

   John Zen Jackson argued the cause for amicus curiae Medical Society of New Jersey (McElroy, Deutsch, Mulvaney & Carpenter, attorneys).


  JUDGE CUFF (temporarily assigned) delivered the opinion of

the Court.

1

In this appeal, we return to the vexing and recurring issue of whether an affidavit of merit submitted by a plaintiff in an action alleging negligence by a licensed professional satisfies the requirements of the Affidavit of Merit statute (AOM statute), N.J.S.A. 2A:53A-26 to -29. Plaintiff sought treatment for sleep apnea from an orthodontist. Plaintiff used the appliance given to him for treatment but complained that it caused the dislocation of some teeth. Contending that the orthodontist did not inform him that the appliance may dislocate teeth, plaintiff filed a complaint alleging that the treating orthodontist provided insufficient information to permit him to make an informed decision to proceed with the recommended treatment.

The trial court conducted a Ferreira[1] conference and determined that plaintiff submitted a timely affidavit of merit; however, the court dismissed with prejudice plaintiff's complaint because plaintiff submitted the affidavit from a dentist who specialized in prosthodontics and the treatment of sleep apnea. The court stated that plaintiff knew that the dentist who treated him was an orthodontist and that the statute required submission of an affidavit of merit from a like-qualified dentist. In other words, the court determined that

---

[1] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

plaintiff was required to submit an affidavit of merit from an orthodontist rather than an affidavit from a board-certified prosthodontist who had specialized in the treatment of sleep apnea for twenty years.

Since the adoption in 2004 of the New Jersey Medical Care Access and Responsibility and Patients First Act (Patients First Act), N.J.S.A. 2A:53A-37 to -42, there has been a proliferation of litigation yielding disparate results on whether the enhanced qualification standards of the Patients First Act in medical malpractice actions apply to negligence actions against all licensed professionals. In addition, we have repeatedly addressed the contours of the Ferreira conference due to problems with the timing of the conference, the omission of the conference in some instances, and the substance of such conferences.

In this appeal, we hold that the like-qualified standard[2] prescribed in the Patients First Act, N.J.S.A. 2A:53A-41 (section 41), applies only in actions for medical malpractice. In all other negligence actions against a licensed professional, the credential standards outlined in N.J.S.A. 2A:53A-27 (section 27) apply.

---

[2] This standard is also referred to in case law and litigation as "like-credentialed," "equivalently credentialed," "equivalently qualified," and "kind-for-kind."

3

The Ferreira conference is designed to identify and alleviate issues regarding the affidavit of merit. Here, the Ferreira conference failed to accomplish one of its primary functions, that is, determining whether the treatment provided by the professional defendant involved the defendant's specialty. Normally, we would vacate the dismissal with prejudice and remand to permit the plaintiff to obtain an affidavit of merit from a qualified professional. That remedy is unnecessary here. There is no need to prolong this already protracted matter because we conclude that the affidavit of merit submitted by plaintiff satisfies the credential requirements of section 27. We therefore reverse the judgment of the Appellate Division and remand the matter to the trial court for further proceedings.

I.

We derive the facts from a record limited to the transcripts of the Ferreira conference, the motion to dismiss, and the motion for reconsideration, as well as the briefs and exhibits submitted in support of and in opposition to those motions.

Plaintiff consulted defendant for treatment for sleep apnea. On May 4, 2010, defendant fitted plaintiff with a dental appliance known as a positioner. The device was intended to help reduce plaintiff's sleep apnea symptoms. Plaintiff asserts

4

that he expressed a concern that the device would cause his teeth to shift and that defendant "unequivocally assured" him that his teeth would not move. After wearing the device while sleeping, plaintiff noticed that his teeth had shifted. Plaintiff decided to undergo a sleep study, which revealed that plaintiff's condition had progressed from moderate to severe during the period of time that he used the appliance. Defendant unsuccessfully attempted to remedy plaintiff's condition with a new appliance.

On August 29, 2012, plaintiff filed a complaint against defendant alleging that defendant's treatment caused chronic muscle pain and headaches, created large gaps between his teeth, and worsened his sleep apnea condition. Defendant filed an answer on October 11, 2012. The answer did not identify the field in which defendant specialized and whether his treatment of plaintiff involved that specialty as required by Rule 4:5-3.

A Ferreira conference was conducted on January 18, 2013. At the outset of the conference, the trial court did not realize the nature of the conference. Defense counsel promptly informed the court that plaintiff had not filed an affidavit of merit and that the document was due in about three weeks. Addressing plaintiff, who was self-represented, the trial court informed plaintiff that he was required to submit an affidavit of merit. Plaintiff stated that he was familiar with the affidavit of

merit requirement but requested the court "to explain [the requirement], just to make sure there is no misunderstanding[.]"

The trial court proceeded to explain the purpose of the affidavit of merit, mentioned that the affidavit was not a substitute for expert testimony at trial about the standard of care, and emphasized that the failure to submit an affidavit, or the submission of a noncompliant affidavit, would trigger a motion to dismiss the complaint. Plaintiff asked whether the period for calculating the due date of the affidavit ran from the date the answer was filed or when it was received by him. The trial court did not directly answer that question. Rather, the court stated, "You could make that argument." The trial court also informed plaintiff that a good faith effort to obtain an affidavit may not satisfy the statutory requirement for production of an affidavit of merit.

At the conclusion of the Ferreira conference, the trial court realized that the matter was a dental malpractice claim. The trial court informed plaintiff that the affidavit "would have to come from a dentist or one who practices dentistry." When plaintiff advised the trial court that defendant had not identified any area of specialty or whether his treatment involved that specialty, the court initially advised plaintiff that the information could be obtained through discovery. The following exchange occurred:

6

THE COURT:  I'm not sure what you mean by that.

[PLAINTIFF]:  He's supposed to -- by the rules of the court he's supposed to respond what field of medicine he's practicing and with this appliance (phonetic) -- apparently, he's an orthodontist, and I believe he is practicing outside his field of expertise.

THE COURT:  There's -- there's discovery, which can take place.  But I would just -- I don't want you to be distracted.  There's certainly time to pronounce interrogatories or, if you feel necessary, take depositions.

But if this affidavit of merit issue is not resolved there won't be any discovery in this case.  Because there won't be any case for discovery to take place.

[PLAINTIFF]:  Uh hum.

THE COURT:  All right?

[PLAINTIFF]:  Okay.

THE COURT:  Okay.

[PLAINTIFF]:  Okay.  Thank you --

THE COURT:  Thank you.

[PLAINTIFF]:   -- for letting me try to voice my --

THE COURT:  That's okay.  All right.

[DEFENSE COUNSEL]:  Thank you, Judge.

At no time did the trial court address defendant's failure to provide the information required by Rule 4:5-3.  Defense counsel did not provide any information about whether defendant's treatment of plaintiff involved the specialty of orthodontics.

7

Plaintiff filed a timely affidavit of merit from Dr. Mark Samani, a dentist who specializes in prosthodontics and has over twenty years of experience in the treatment of sleep apnea. Dr. Samani stated that

> [j]aw movement, tooth movement and even tempor[o]mandibular joint pain are all know[n] complications associated with oral appliance therapy for the treatment of obstructive sleep apnea. These complications arising in and of themselves are not breach[es] of the standards of care. Based on my knowledge, education and experience in the treatment of obstructive sleep apnea with oral appliances, if the patient was not informed about these very real possibilities, as stated by Mr. Meehan, th[e]n the patient was not given the opportunity to make an educated decision on treatment and the informed consent process fell outside the standards of care for oral appliance therapy for the treatment of obstructive sleep apnea.

Defendant filed a motion to dismiss plaintiff's complaint with prejudice, asserting that plaintiff was required to submit an affidavit of merit from a like-qualified dentist, that is, an orthodontist. During oral argument on the motion, plaintiff advised the trial court that he was aware that defendant was an orthodontist but was under the impression that defendant was not treating him as an orthodontist. Plaintiff explained that he sought and obtained an affidavit from a dentist who specializes in the treatment of sleep apnea.

The trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. In a written statement

8

accompanying the order, the trial court declared that section 27 required that the affidavit of merit be submitted by a like-qualified professional. Addressing the affidavit submitted by plaintiff, the trial court determined that "the fact that Dr. Samani is an expert in sleep apnea is irrelevant in this malpractice claim because the statute clearly requires the affidavit of merit to be submitted by a person who practices in the same specialty or subspecialty." Thus, the court declared that plaintiff was required to submit an affidavit of merit from an orthodontist. The trial court determined that plaintiff had not applied for a waiver pursuant to section 41, or shown exceptional circumstances to permit a deviation from the statutory requirement of a like-qualified professional, or satisfied the good faith requirements of Ryan v. Renny, 203 N.J. 37 (2010).

In response to plaintiff's motion for reconsideration, which the trial court denied, the trial court elaborated on its reasoning in a written opinion. Relying on Buck v. Henry, 207 N.J. 377, 389 (2011), the court declared that the expert providing the affidavit of merit "should be equivalently-qualified to the defendant" physician. The court also determined that the affiant and defendant were not equivalently qualified because the affiant specialized in prosthodontics and defendant specialized, and rendered treatment to plaintiff, in

9

orthodontics. The trial court asserted that a dismissal with prejudice of plaintiff's complaint was consistent with the rule announced in Nicholas v. Mynster, 213 N.J. 463 (2013), an opinion issued following entry of the order granting a defendant's motion to dismiss. The court also reasoned that it could not provide any relief from the strict requirements of the Patients First Act because plaintiff had not applied for a waiver.

The Appellate Division affirmed the orders dismissing plaintiff's complaint with prejudice and denying reconsideration in an unpublished opinion. Relying on this Court's interpretation of section 41 in Nicholas, id. at 481-82, the Appellate Division applied credentialing requirements for those providing an affidavit of merit or expert testimony in a medical malpractice action to a dental malpractice action, and declared that "a plaintiff's medical expert must possess the same specialty or subspecialty as the defendant physician." The appellate panel recognized the distinction between medical malpractice and dental malpractice actions but determined that "the Patient[s] First Act's detailed standards for experts executing an [affidavit of merit] . . . are consistent with the limitations found in [section 27,] which . . . mandates that experts in other professional malpractice actions possess particular expertise in the specialty involved in the action."

10

Applying that standard, the panel concluded that plaintiff's affiant "lacked the requisite statutory qualifications to issue an [affidavit of merit] against defendant." The appellate panel also determined that defendant's failure to identify his specialty was not fatal because the Ferreira conference record demonstrated that plaintiff knew that defendant was an orthodontist.

The Court granted plaintiff's petition for certification to address three questions: (1) whether the Appellate Division erred in extending the Patients First Act to dental malpractice actions; (2) whether the Appellate Division erred in determining that plaintiff's affidavit of merit from Dr. Samani was insufficient because it was not from an orthodontist; and (3) whether, due to the alleged Ferreira conference failures, exceptional circumstances exist warranting reinstatement of plaintiff's complaint. Meehan v. Antonellis, 221 N.J. 218 (2015).

II.

A.

Plaintiff asserts that the plain language of section 41 dictates that the enhanced or like-qualified requirements of the Patents First Act apply only to medical malpractice actions. Plaintiff acknowledges that the Appellate Division noted that section 41 applies only to medical malpractice actions, but

11

states that the panel nonetheless proceeded to apply the expert credential requirements governing medical malpractice actions to this dental malpractice action. Plaintiff further argues that the affidavit of merit submitted by Dr. Samani satisfied the qualification requirements of section 27 because plaintiff received treatment for sleep apnea, Dr. Samani is a licensed dentist who specialized in prosthodontics, a specialty that treats sleep apnea, Dr. Samani has specialized in the treatment of sleep apnea for over twenty years, and the treatment provided by defendant to plaintiff did not fall solely within the field of orthodontics.

In the alternative, if this Court determines that Dr. Samani's affidavit of merit does not satisfy the statutory requirements for this dental negligence matter, plaintiff requests that this Court permit him additional time to present a conforming affidavit. Plaintiff maintains that the Ferreira conference did not adequately address the issue of defendant's qualifications as required by Buck, supra, 207 N.J. at 394-95.

B.

Defendant argues that the Appellate Division correctly affirmed the dismissal with prejudice of plaintiff's complaint because plaintiff failed to serve an appropriate affidavit of merit. Defendant maintains that plaintiff knew defendant was an orthodontist, and therefore, the affiant must be an

12

orthodontist, that plaintiff never asserted his claim was limited to informed consent, and that the appellate panel did not extend the Patients First Act to dentists. Defendant argues that the trial court said nothing at the Ferreira conference that would have led plaintiff to believe that he could submit an affidavit of merit from any licensed dentist other than an orthodontist. Addressing plaintiff's contention that defendant's silence in his answer and at the conference about his specialty contributed to the submission of an affidavit by a dentist other than one specializing in orthodontics, defendant argues that he also "never asserted that he treated [plaintiff] outside of his dental practice specialty of orthodontics." In other words, defendant argues that plaintiff should have assumed that the treatment provided by defendant fell within the specialty of orthodontics unless and until he was informed to the contrary.

Furthermore, defendant argues that section 27 requires "particular expertise in the general area or specialty involved in the action." Asserting that he treated plaintiff from 2002 to 2012 exclusively as an orthodontist, defendant maintains that the record does not support a conclusion that he treated plaintiff as a general dentist or in any way outside his established specialty. Defendant acknowledges that Dr. Samani has devoted over twenty years to the treatment of sleep apnea

13

but maintains that plaintiff has not established that Dr. Samani's prosthodontics specialty overlaps with defendant's specialty in orthodontics.

## C.

Amicus curiae New Jersey Association for Justice (NJAJ) argues that the Patients First Act unconstitutionally interferes with the judiciary's power to regulate practice and procedure in the courts. Amicus curiae Medical Society of New Jersey (MSNJ) recognizes that the issue raised by NJAJ is not within the scope of the order granting certification. Nevertheless, MSNJ responds that the AOM statute and the Patients First Act do not transgress the separation of powers doctrine because the Patients First Act addresses substantive elements of a cause of action rather than the admissibility of evidence. MSNJ also argues that dismissals for noncompliance with either statute should be without prejudice.

## III.

The stated purpose of the AOM statute, N.J.S.A. 2A:53A-26 to -29, is laudatory -- to weed out frivolous claims against licensed professionals early in the litigation process. Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003). The submission of an appropriate affidavit of merit is considered an element of the claim. See Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 244 (1998) (holding that failure to

14

submit affidavit of merit "goes to the heart of the cause of action as defined by the Legislature"). Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice. Id. at 243.

On its face, the AOM statute did not seem to impose "overly burdensome obligations," Ferreira, supra, 178 N.J. at 146, yet this single piece of legislation has unleashed a veritable avalanche of litigation. This Court addressed the initial statute, originally enacted in 1995, nine times before the Legislature adopted further obligations regarding medical malpractice actions in 2004. Id. at 144; Palanque v. Lambert-Woolley, 168 N.J. 398 (2001); Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387 (2001); Fink v. Thompson, 167 N.J. 551 (2001); Christie v. Jeney, 167 N.J. 509 (2001); Galik v. Clara Maass Med. Ctr., 167 N.J. 341 (2001); Burns v. Belafsky, 166 N.J. 466 (2001); Cornblatt, supra, 153 N.J. 218; In re Petition of Hall, 147 N.J. 379 (1997).

Consistent with the dual purposes of the statute to identify and eliminate unmeritorious claims against licensed professionals and to permit meritorious claims to proceed efficiently through the litigation process, Hubbard, supra, 168 N.J. at 395, the Court fashioned two equitable remedies "that temper the draconian results of an inflexible application of the statute," Ferreira, supra, 178 N.J. at 151. Thus, a complaint

15

will not be dismissed if the plaintiff substantially complied with the affidavit of merit obligations, Palanque, supra, 168 N.J. at 405-06; Fink, supra, 167 N.J. at 351-59, and a complaint will be dismissed without prejudice if the plaintiff can demonstrate extraordinary circumstances that prevented compliance, Palanque, supra, 168 N.J. at 404-05.

Still, problems persisted, turning the seemingly straightforward obligations of the statute into a procedural minefield and spawning a new subset of motion practice in professional liability litigation. It was in this context that the Court declared in Ferreira that an accelerated case management conference should be conducted within ninety days of the filing of an answer to identify and address any and all issues concerning the affidavit of merit served or not served by the plaintiff. The Court directed that,

> [a]t the conference, the court will address all discovery issues, including whether an affidavit of merit has been served on defendant. If an affidavit has been served, defendant will be required to advise the court whether he has any objections to the adequacy of the affidavit. If there is any deficiency in the affidavit, plaintiff will have to the end of the 120-day time period to conform the affidavit to the statutory requirements. If no affidavit has been served, the court will remind the parties of their obligations under the statute and case law.
>
> [Ferreira, supra, 178 N.J. at 155.]

16

Soon thereafter, the Legislature enacted the Patients First Act, adding further obligations to the affidavit of merit requirement. This appeal presents the fourth occasion for this Court to consider the issues that have arisen from the 2004 amendments. See Nicholas, supra, 213 N.J. 463; Buck, supra, 207 N.J. 377; Ryan, supra, 203 N.J. 37.

In this appeal, we address two issues. First, we address whether the like-credential requirements of section 41 apply in professional negligence actions other than medical malpractice actions. Second, we address whether the Ferreira conference conducted in this matter adequately addressed the sufficiency of the affidavit of merit required for plaintiff's dental malpractice action to proceed. We review these legal issues de novo. See Mortgage Grader, Inc. v. Ward & Olivio, L.L.P., ___ N.J. ___, ___ (2016) (slip op. at 10) ("An appellate court interprets both statutes and court rules de novo."). We commence our discussion with the interpretive issue presented by the affidavit of merit submitted by plaintiff in this action.

A.

The starting point for our inquiry is the text of two statutes -- N.J.S.A. 2A:53A-27 and -41. Section 27 is the central element of legislation adopted in 1995 and commonly referred to as the AOM statute. L. 1995, c. 139. In general terms, the Legislature established a procedure that required a

17

person alleging that certain designated professionals negligently performed professional services to produce an affidavit from an expert attesting to the merits of the claim. Dentists were and continue to be among the licensed persons covered by the AOM statute. N.J.S.A. 2A:53A-26(d).

Section 27, in its original form, provided as follows:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall . . . provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional . . . standards or treatment practices. . . . The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of five years[.]
>
> [L. 1995, c. 139, § 2 (codified at N.J.S.A. 2A:53A-27).]

The section also requires that the affiant have no financial interest in the outcome of the matter. Ibid.

As part of certain 2004 tort reform measures regarding medical malpractice actions, language was added to section 27, L. 2004, c. 17, § 8, expressly directing that medical

18

malpractice actions be treated in accordance with the requirements of section 41 of the Patients First Act. As amended, the relevant portion of section 27 now states:

> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in [section 41].

> [N.J.S.A. 2A:53A-27.]

The standards in the original statute continue to apply "[i]n all other cases." Ibid. In other words, in all negligence actions against designated licensed professionals, other than medical malpractice actions, the affidavit of merit is governed by the original provisions of section 27.

Section 41 "establishes qualifications for expert witnesses in medical malpractice actions" and "provides that an expert must have the same type of practice and possess the same credentials, as applicable, as the defendant health care provider, unless waived by the court." Assembly Appropriations Comm., Statement to Assembly No. 50, at 2 (2004).

Section 41 precludes a person from providing expert testimony or executing an affidavit of merit in a medical malpractice action unless the expert or affiant is a licensed physician or other health care professional in the United States and meets other standards, depending on the qualifications and

19

area of practice of the party against whom or on whose behalf the testimony is provided.  See N.J.S.A. 2A:53A-41a.  The equivalency or kind-for-kind credential requirement may be waived if the moving party demonstrates that a good faith effort failed to yield a qualifying expert in the specialty or subspecialty, and the trial court determines that the proposed expert or affiant has sufficient training, experience, and knowledge to provide an opinion.  N.J.S.A. 2A:53A-41c.  The training, education, and experience must be derived from "active involvement in, or full-time teaching of, medicine in the appropriate area of practice or a related field of medicine." Ibid.

In Buck, supra, we characterized sections 41a and b of the Patients First Act "as setting forth three distinct categories embodying this "kind-for-kind" rule:

> (1) those who are specialists in a field recognized by the American Board of Medical Specialties (ABMS) but who are not board certified in that specialty;
>
> (2) those who are specialists in a field recognized by the ABMS and who are board certified in that specialty; and
>
> (3) those who are "general practitioners."
>
> [207 N.J. at 389.]

See also Nicholas, supra, 213 N.J. 483.

B.

20

To resolve the interpretive issue before the Court, that is, whether a person submitting an affidavit of merit in a dental malpractice action must comply with the enhanced credential standards set forth in section 41, we must examine the canons of statutory interpretation that apply to this case.

When the interpretation of a statute is at issue, "[t]he objective of that task 'is to discern and effectuate the intent of the Legislature.'" Shelton v. Restaurant.com, Inc., 214 N.J. 419, 428-29 (2013) (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)).

We commence our examination of the text of the AOM statute and the Patients First Act with section 27. See DiProspero v. Penn, 183 N.J. 477, 492 (2005) (stating that best indicator of Legislature's intent is statutory language (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). In 2004, the AOM statute was amended to add a sentence to section 27. That sentence provides that "[i]n the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in [section 41]." L. 2004, c. 17, § 8. The 2004 amendment then adds the phrase "in all other cases" to the existing sentence that describes the credentials for those submitting an affidavit of merit in professional negligence actions. Ibid.

21

Section 41 addresses the qualifications for those providing expert testimony or an affidavit of merit "in an action alleging medical malpractice." N.J.S.A. 2A:53A-41. The expert or affiant must be a licensed physician, ibid., and must meet additional criteria depending on the qualifications and area of practice of the physician against whom or on whose behalf an opinion is offered, N.J.S.A. 2A:53A-41a and b.

The plain language of section 41 states that the like-qualified standards apply only to physicians. And it does so repeatedly. For example, N.J.S.A. 2A:53A-41a governs parties to a medical malpractice action who are specialists or subspecialists recognized by the American Board of Medical Specialties or the American Osteopathic Association. Those organizations recognize and establish the criteria for board certification only for physicians. The proposed expert or affiant must have specialized in the same specialty or subspecialty recognized by those organizations. Only a physician may satisfy that standard. Further, if the physician party is board certified in a specialty or subspecialty and the care and treatment provided by the physician involved that specialty or subspecialty, the expert or affiant must be a physician with credentials from a hospital to treat patients for the medical condition or perform the procedure that is the subject of the claim, or a physician who possesses board

22

certification in the same specialty or subspecialty as the physician and has devoted a majority of his or her professional practice to that specialty or subspecialty through active clinical practice or the instruction of students or both. N.J.S.A. 2A:53A-41a.

Similarly, only a physician falls within the bounds of N.J.S.A. 2A:53A-41b. That subsection addresses general practitioners and limits the expert or affiant to a physician (1) actively engaged in "clinical practice as a general practitioner" or active in clinical practice involving the medical condition or procedure that is the basis of the claim, or (2) who instructs students at an accredited medical school, health professional school, or residency or research program or both. Ibid.

Interpreting section 41's like-qualified credential requirements as applying only to physicians who are defendants in medical malpractice actions is also supported by and consistent with the stated purpose of the Patients First Act and its legislative history. See Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012) ("When the statutory language is sufficiently ambiguous that it may be susceptible to more than one plausible interpretation, we may turn to such extrinsic guides as legislative history, including sponsor statements and committee reports." (citing Burns, supra, 166

23

N.J. at 473)).  In enacting the Patients First Act, the Legislature made several findings and declarations regarding the state of health care in this State and identified the retirement or relocation of physicians as a problem hampering the delivery of high-quality health care in New Jersey.  See N.J.S.A. 2A:53A-38.  Furthermore, the Legislature determined that a confluence of factors, including a dramatic escalation of medical malpractice liability insurance premiums, was related to the State's tort liability system and contributing to the State's shortage of qualified physicians.  Ibid.  The Legislature concluded that certain reforms were necessary to counteract the identified problems.  Ibid.  One of those reforms is embodied in the enhanced standards contained in section 41 governing a person who submits an affidavit of merit or an expert opinion in favor of or against a physician in a medical malpractice action. The problems identified by the Legislature and the measures adopted to address those problems pertain only to physicians. There is no mention made of any other licensed professional in section 41.

In sum, we conclude that the plain language of sections 27 and 41 lead to the inexorable conclusion that the enhanced credential requirements established under section 41 for those submitting affidavits of merit and expert testimony apply only to physicians in medical malpractice actions.  See Lozano v.

24

Frank DeLuca Constr., 178 N.J. 513, 522 (2004) (instructing that court applies statute as written when legislative intent is clear (citing In re Passaic Cty. Utils. Auth., 164 N.J. 270, 299 (2000))). This determination does not conclude our inquiry, however, for we must determine whether section 27 itself imposes a similar like-qualified standard for affiants and experts in all other negligence actions against designated professionals, including dentists.

C.

Plaintiff argues that section 27 does not impose a like-qualified standard for the person selected to submit an affidavit of merit in this dental malpractice action. Rather, plaintiff contends that the affiant must be licensed to practice dentistry in this state and have particular expertise in the general area or specialty involved, which may be evidenced by the affiant substantially devoting his practice to the area or specialty involved.

Defendant disagrees. Defendant argues that only an affidavit from a similarly credentialed dentist will satisfy the AOM statute because he is a board-certified orthodontist and has substantially devoted his practice to orthodontics.

The language under consideration from section 27 is not new. Indeed, it has remained unchanged since the AOM statute

25

was adopted in 1995.  The only addition to section 27 is a third sentence directing that the standards governing the person submitting an affidavit of merit or expert testimony against or in support of a physician in a medical malpractice action shall be governed by section 41.

On its face, section 27 requires a plaintiff to "provide each defendant with an affidavit of an appropriate licensed person."  Section 27 requires the affiant to be licensed in this or another state and have "particular expertise in the general area or specialty involved in the action."  Section 27 then addresses the manner in which that expertise may be demonstrated.  There is simply no textual support for the application of the like-qualified requirements of section 41 to those submitting an affidavit of merit in negligence actions against designated professionals, such as dentists.

D.

Relatively few opinions have directly addressed the sufficiency of credentials of the person submitting the affidavit of merit and, specifically, whether the person submitting an affidavit of merit must be licensed in the same profession or specialize in the same field as the defendant. Those cases that have addressed the issue have held that in certain circumstances the affiant should be a similarly licensed professional but have not addressed whether the affiant must

26

share the defendant's specialty. Hill Int'l v. Bd. of Educ.,
438 N.J. Super. 562, 570 (App. Div. 2014) (holding licensed
engineer not appropriately licensed person to provide affidavit
of merit against architect), appeal dismissed, 224 N.J. 523
(2016); Medeiros v. O'Donnell & Naccarato, Inc., 347 N.J. Super.
536, 542 (App. Div. 2002) (holding affidavit of merit submitted
by licensed engineer and architect against defendant engineering
firm sufficient); Borough of Berlin v. Remington & Vernick
Eng'rs, 337 N.J. Super. 590, 597-98 (App. Div.) (holding
licensed professional hydrogeologist appropriately licensed
person to submit affidavit of merit against defendant
engineering firm which allegedly negligently sited and
constructed two wells), certif. denied, 168 N.J. 294 (2001).

Hill International and Berlin emphasize that the like-
licensed requirement for the professional submitting the
affidavit of merit rests on the assumption that the negligent
services provided by the defendant professional were within his
or her profession or occupation. Hill Int'l, supra, 438 N.J.
Super. at 589; Berlin, supra, 337 N.J. Super. at 596-98; see
also Murphy v. New Road Constr., 378 N.J. Super. 238, 242-43
(App. Div.) (holding that affidavit of merit not required if
defendant's conduct does not implicate standards of defendant's
profession), certif. denied, 185 N.J. 391 (2005). In Berlin,
supra, the hydrogeologist affiant was considered an

27

appropriately licensed person because the complaint focused solely on the alleged negligence of the engineering firm in failing to adhere to recognized hydrogeologic guidelines, and the negligent siting of two wells by its hydrogeologist employee. 337 N.J. Super. at 596. In Hill International, supra, the appellate panel held that, if the plaintiff's claim implicated the standards of care governing an architect, the plaintiff's affidavit of merit was required to be from an architect. 438 N.J. Super. at 594.[3]

E.

Based on the plain language of section 27 and the manner in which it has been applied since its adoption, we conclude that section 27 requires no more than that the person submitting an affidavit of merit be licensed in this state or another and have "particular expertise in the general area or specialty involved

---

[3] A pre-Patients First Act case, Wacht v. Farooqui, 312 N.J. Super. 184 (App. Div. 1998), addressed whether the affiant must share the same specialty as the defendant. The Appellate Division permitted an orthopedic surgeon specializing in shoulders and elbows to submit an affidavit of merit against a board-certified radiologist. Citing the statutory requirement that the affiant must have devoted at least five years to the specialty involved in the action, the Appellate Division determined that an orthopedic surgeon specializing in shoulders possessed the particular expertise required to execute an affidavit of merit. Id. at 187-88. The panel also referenced the "overlap" of orthopedics and diagnostic radiology to support its conclusion that the orthopedic surgeon possessed the appropriate expertise to submit an affidavit of merit. Id. at 188.

28

in the action." N.J.S.A. 2A:53A-27. Such particular expertise is "evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years." Ibid. (emphasis supplied). Notably, section 27 is bereft of the rigid categories established in section 41 for those who are general practitioners, board-certified specialists, or non-board-certified specialists. See N.J.S.A. 2A:53A-41a and b.

Section 27 also employs the term "or" throughout its recitation of the expertise required for an affiant. In interpreting a statute, we must give meaning to every word. Shelton, supra, 214 N.J. at 441. The word "or" is a disjunctive term that permits a person to satisfy statutory conditions by meeting one, rather than all, of the identified conditions. In re Adoption of Children by G.P.B., 161 N.J. 396, 406 (1999). In other words, a person may submit an affidavit of merit if the affiant has particular expertise in the general area involved in the action or in the specialty involved in the action. N.J.S.A. 2A:53A-27. Such particular expertise may be evidenced by board certification or by devotion of his practice substantially to the general area or specialty involved in the action for at least five years. Ibid.

In most instances, we anticipate that the affiant and the professional-defendant will be similarly licensed. However,

29

there may be circumstances when the alleged departure from the professional standard of care is within the particular expertise of two licensed professions.  In such cases, in assessing the sufficiency of the affidavit of merit, a court must focus, as in Berlin, on the specific allegations of professional negligence. Berlin, supra, 337 N.J. Super. at 597-98; cf. Garden Howe Urban Renewal Assocs. v. HACBM Architects Eng'rs Planners, L.L.C., 439 N.J. Super. 446, 458-59 (App. Div. 2015) (holding that licensed engineer could be qualified to render expert opinion against architect regarding compliance with construction codes because both types of professionals are responsible for knowledge of and compliance with appropriate codes).[4]

### F.

Measured by those standards, the affidavit of merit submitted by plaintiff satisfied the requirements of section 27. Dr. Samani is a licensed dentist.  He also has particular expertise in the diagnosis and treatment of sleep apnea -- the general area that is the subject of this action -- having devoted a significant portion of his practice to the diagnosis and treatment of sleep apnea for over twenty years.

---

[4] We therefore hesitate to endorse the broad statement expressed in Hill International, supra, 438 N.J. Super. at 587, that "[t]he professional has a right to expect that those standards of care by which his or her conduct will be measured will be defined by the same profession in which he or she holds a license, and not by some other profession."

30

In reaching that determination, we must acknowledge that the treatment of sleep apnea is not exclusive to a single dental specialty or subspecialty.  A variety of professionals can treat sleep apnea, including various types of dentists and physicians. See Mayo Clinic Staff: Sleep Apnea Treatments and Drugs, Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/sleep-apnea/basics/treatment/con-20020286 (last visited July 15, 2016).  In particular, sleep apnea can be treated by both orthodontists and prosthodontists, cf. ibid., which are two of the nine dental specialties recognized by the American Dental Association, see American Dental Association, Specialty Definitions, http://www.ada.org/en/education-careers/careers-in-dentistry/dental-specialties/specialty-definitions (last visited July 15, 2016).  An orthodontist is a "uniquely qualified specialist[] who diagnose[s], prevent[s] and treat[s] dental and facial irregularities to correctly align teeth and jaws." American Association of Orthodontists, Who We Are, https://www.aaoinfo.org/about/what-we-do (last visited July 15, 2016). "A prosthodontist is a dentist who specializes in the esthetic restoration and replacement of teeth" and is a "master[] of complete oral rehabilitation" whose expertise may be employed to treat wide-ranging conditions including jaw joint disorders, traumatic injuries to the mouth's structures, snoring, and sleep disorders.  Pacific Coast Society for Prosthodontics,  What is

31

Prosthodontics?, http://www.pcsp.org/whatisprostho.html (last visited July 15, 2016).  A prosthodontist, therefore, is capable of having the "particular expertise" necessary to prepare an affidavit of merit in support of a claim regarding negligent dental treatment for sleep apnea.  Plaintiff's affiant has demonstrated the requisite particular expertise to further the purpose of identifying meritorious professional negligence claims.

Having concluded that the affidavit of merit submitted by plaintiff is sufficient, we need not resort to the equitable remedies of substantial compliance and good faith effort that permit relaxation of the affidavit of merit requirements.  The statute imposes no more than a licensure requirement and particular expertise in the general area or specialty involved in the action.  Dr. Samani satisfies those requirements.  He does not have to share the same specialty or subspecialty as defendant.  Section 27 imposes only licensure and particular expertise standards for affiants; it does not -- either on its face or as applied since its enactment -- impose a like-credential standard akin to that of section 41.

We also have no need to remand this matter to the trial court for an appropriate case management conference and review of the sufficiency of Dr. Samani's affidavit because the affidavit is sufficient.  Cf. Buck, supra, 207 N.J. at 395.

32

This appeal, however, illustrates that a timely and effective Ferreira conference continues to be a critical component of fulfilling the purpose of the AOM statute.

An effective Ferreira conference would probably have prevented this appeal. The trial court pointedly declined to resolve the issues presented by plaintiff. The court stated that it could not give advice to plaintiff and failed to elicit any statement or representation from defense counsel as to whether defendant's treatment of plaintiff was within his specialty of orthodontics, but informed plaintiff that he was required to submit an affidavit of merit from a dentist. In sum, the Ferreira conference failed to achieve its purpose of identifying and resolving any affidavit of merit problems before imposing the ultimate sanction of a dismissal with prejudice.

IV.

In conclusion, we hold that the enhanced requirements of section 41 governing the qualifications of persons permitted to submit an affidavit of merit, or to provide expert testimony against or in support of a physician, in a medical malpractice action apply only in medical malpractice actions. In all other actions against a licensed professional, including a dentist, section 27 prescribes the qualifications of the person who may submit an affidavit of merit against a licensed professional who is alleged to have acted negligently. The affiant must hold an

33

appropriate license and must demonstrate particular expertise in the general area or specialty involved in the action, but he or she is not required to possess credentials equivalent to those of the licensed professional defendant.  Neither the plain language nor the purpose and history of the AOM statute or Patients First Act support importation of the like-credential standard governing physicians in medical malpractice actions to professional negligence actions governed by section 27.

We also hold that the affidavit of merit submitted by plaintiff satisfies section 27.  The affiant is a licensed dentist who has particular expertise in the diagnosis and treatment of sleep apnea -- the general area involved in the professional negligence action filed by plaintiff.

This appeal also illustrates the need for a timely and effective Ferreira conference in all professional negligence actions.  The conference is designed to identify and resolve issues regarding the affidavit of merit that has been served or is to be served.  To that end, all participants must be prepared to identify at the conference the general area or specialty involved in the action and whether the defendant was providing professional services within that profession or specialty.  We request that the Civil Practice Committee consider whether Rule 4:5-3 should be amended to embrace all professional negligence actions subject to the AOM statute.

34

V.

The judgment of the Appellate Division is reversed.


CHIEF JUSTICE RABNER, JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA and SOLOMON, join in JUDGE CUFF's opinion. JUSTICE PATTERSON did not participate.

35