**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0038-25

TODD JONES,

    Plaintiff-Respondent,

v.

ST. JOSEPH'S UNIVERSITY
MEDICAL CENTER,

    Defendant-Appellant.

_____

          Submitted December 11, 2025 – Decided March 5, 2026

          Before Judges Bishop-Thompson and Puglisi.

          On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2326-24.

          Farkas & Donohue, LLC, attorneys for appellant (Evelyn Cadorin Farkas, of counsel; Robert G. Veech, III, on the brief).

          Friend Law Group, LLC, attorneys for respondent (Tiffany A. Friend, of counsel and on the brief).

PER CURIAM

In this medical malpractice action, defendant St. Joseph's University Medical Center appeals from two orders:  the July 18, 2025 Law Division order denying its motion for reconsideration, and the May 28, 2025 order denying its motion to dismiss plaintiff Todd Jones's complaint for failure to comply with the Affidavit of Merit (AOM) requirement under N.J.S.A. 2A:53A-26 to -29. Defendant contends the trial court erred in finding plaintiff substantially complied with the AOM statute.  It further argues the trial court improperly denied reconsideration, claiming it had demonstrated good cause.  We affirm.

I.

On August 9, 2022, plaintiff was admitted through defendant's emergency department after presenting with complaints of worsening shortness of breath, an exacerbation of chronic obstructive pulmonary disease (COPD), and pneumonia.  At some point during his hospitalization, an intravenous (IV) line was inserted into plaintiff's right upper arm to facilitate the administration of contrast material for computed tomography diagnostic imaging.  Five days later, plaintiff developed, and was diagnosed with, a hematoma in his right upper extremity as a result of IV infiltration.  He exhibited "significant" anemia and persistent hypotension.  Plaintiff's condition declined, resulting in the

2

development of additional hematomas and necessitating surgical intervention to remove a blood clot.  He was ultimately discharged on September 7, 2022.

On August 5, 2024, plaintiff filed a complaint against defendant, as well as unnamed physicians, nurses, and other adult individuals, asserting professional negligence, ordinary negligence, and vicarious liability under the doctrine of respondeat superior.  Specifically, plaintiff contended St. Joseph's failed to:  properly place and monitor the IV, timely recognize and respond to the hematoma, adjust anticoagulation therapy, and admit him to the intensive care unit for appropriate management.

On August 29, 2024, plaintiff filed and served an AOM authored by Ramzy H. Rimawi, M.D., who is board-certified in internal medicine, infectious diseases, and critical care medicine.  Dr. Rimawi opined:

> Based upon the review of the medical records provided to me and also based on my education, training[,] and experience in the field of internal medicine, it is my opinion with a reasonable degree of medical probability, that the care provided to [plaintiff] by a physician, deviated from the acceptable professional standards of care in the treatment of this patient and this deviation was the proximate cause of his injuries.

Defendant filed an answer, affirmative defenses, and discovery demands on September 26, 2024.  It demanded plaintiff furnish an expert report within sixty days, or it would seek dismissal.

3

The trial court conducted a Ferreira[1] conference on October 15, 2024. During the conference, plaintiff's counsel informed the court the AOM was "in the process of being completed," as they were seeking additional medical records from defendant in order to identify the names of the physicians and treating medical providers involved in plaintiff's care. The initial records received by plaintiff did not identify these providers.

Defendant's counsel acknowledged receipt of the AOM but objected, arguing plaintiff had filed a "blanket" AOM, which failed to identify with specificity the physicians and nurses who may have been the negligent party or parties. Counsel, however, did not have a list of medical providers plaintiff was seeking. Defendant's counsel did not object to Dr. Rimawi's qualifications.

Plaintiff's counsel was advised additional time would be granted to obtain the medical records that identified the doctors, nurses, and ancillary staff who treated plaintiff, and instructed defendant to produce these documents. The court also acknowledged defense counsel's reference to the 120-day filing deadline of January 24, 2025, by which plaintiff was required to submit an AOM. A conforming order was not entered by the trial court.

---

[1] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

A-0038-25

After the conference, plaintiff's counsel received a link to electronically access plaintiff's medical records. However, plaintiff was unable to gain access. Plaintiff sent multiple requests to defendant for both the complete medical records and a list of treating providers. On December 3, 2024, defendant produced more than 4,000 pages of medical records. Plaintiff asserted a list of providers was not included in this production, and on January 23, 2024, plaintiff once again requested the list. Defendant disputed plaintiff's claim, maintaining the list had been provided.

On January 29, 2025, defendant moved to dismiss plaintiff's complaint with prejudice, asserting the affidavit was non-compliant. Defendant reiterated plaintiff submitted a "blanket" affidavit and failed to file a compliant affidavit within the required 120-day timeframe.

Plaintiff opposed the motion, arguing defendant failed to file or raise timely objections in writing or during the Ferreira conference. He also asserted defendant did not produce the complete medical records until December 3, 2024, despite repeated requests. Plaintiff submitted a four-page detailed opinion from Dr. Rimawi dated June 14, 2024, which attributed his injuries to deviations from the standard of care by defendant's providers, though the providers were not specifically identified.

A-0038-25

Following oral argument, on May 28, 2025, the trial court denied defendant's motion. In its oral decision, the court applied the Ferreira standard and found plaintiff had substantially complied with the AOM statute by serving the affidavit shortly after the complaint was filed, thereby placing defendant on notice of the malpractice claim. Although plaintiff subsequently submitted a detailed opinion from Dr. Rimawi, the court noted it still did not "pinpoint the actors" involved in the alleged conduct. Nevertheless, based on the subsequently filed opinion, the court was satisfied plaintiff had a meritorious claim.

Thereafter, defendant moved for reconsideration, asserting good cause to vacate the May 28, 2025 order. Defendant argued the trial court erred in applying the governing law regarding a compliant affidavit. It contended Dr. Rimawi's supplemental opinion was not a compliant AOM because it did not identify any negligent medical professional. Plaintiff opposed the motion, contending defendant failed to demonstrate good cause for reconsideration.

On July 18, 2025, a different trial court entered an order, accompanied by a written decision. Relying on the AOM statute and the governing law on substantial compliance, the court found defendant had not provided any new

6

information for reconsideration.  The court's decision simply restated the initial trial court's finding of substantial compliance.

## II.

"[W]hether plaintiff satisfied the AOM statute is a matter of statutory interpretation for which our standard of review is de novo."  Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022).  In medical negligence actions, a plaintiff "must show that the complaint is meritorious" by satisfying the AOM requirements outlined in N.J.S.A. 2A:53A-27.  Wiggins v. Hackensack Meridian Health, 259 N.J. 562, 574 (2025); see also Meehan v. Antonellis, 226 N.J. 216, 228 (2016).  It is axiomatic "[t]he submission of an appropriate [AOM] is considered an element of the claim."  Meehan, 226 N.J. at 228; see also N.J.S.A. 2A:53A-29.  The AOM statute states:

> [A]ny action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in [their] profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill[,] or knowledge exercised or exhibited in the treatment, practice[,] or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed [sixty] days, to file

A-0038-25

the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]

Thus, "where a plaintiff fails to provide an [AOM] within the statutorily mandated timeframe, it shall be deemed a failure to state a cause of action unless the plaintiff satisfies an exception to the [AOM] requirement." Cowley v. Virtua Health Sys., 242 N.J. 1, 23 (2020). Absent an applicable exception, failing to provide an AOM within the statutorily prescribed timeframe "requires dismissal with prejudice for noncompliance." Ibid.

In vicarious liability claims, "[a]n AOM is required 'when the plaintiff's claim . . . hinges upon allegations of deviation from professional standards of care by licensed individuals who worked for the named defendant.'" Hargett v. Hamilton Park OPCO, LLC, 477 N.J. Super. 390, 396 (App. Div. 2023) (quoting Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc., 250 N.J. 368, 381 (2022)). Thus, "[a]t a minimum, the AOM statute entitles a defendant facing a vicarious liability claim to an AOM limited to alleged deviations by its own licensed employees." Id. at 398.

On appeal, defendant argues plaintiff's inability to identify a single medical professional renders Dr. Rimawi's affidavit deficient under N.J.S.A. 2A:53A-27, and therefore plaintiff's complaint should be dismissed. Defendant

8

relies on Hargett for the proposition the affidavit must specifically identify multiple defendant medical providers alleged to have negligently performed their duties. 477 N.J. Super. 390. This argument is unavailing and fails to address the central issue before us.

We are convinced plaintiff complied with the requirements of the AOM statute. Our Supreme Court has expressly held a plaintiff is not required to specifically name a defendant in the affidavit in order to satisfy the statute's requirement. Moschella ex rel. Est. of Lowe v. Hackensack Meridian Health Jersey Shore Univ. Med. Ctr., 258 N.J. 110, 114-15, 127-28 (2024). In Moschella, the Court explained referencing unnamed "John and Jane Doe" employees is sufficient when the individual actor cannot be identified at the outset of the litigation, as long as the affidavit specifies the relevant class of providers at one medical facility. Id. at 127-28. The Court emphasized substantial compliance with the AOM statute provides reasonable notice and prevents dismissal of valid claims for technical defects. Id. at 122-23.

Plaintiff alleges medical malpractice against a single institutional defendant, predicated upon the alleged acts and omission of its physicians, nurses, and other staff members while he was hospitalized. While neither the complaint nor the affidavits specifically identify an individual medical

employee, the claims are clearly grounded in professional negligence and vicarious liability. That alone distinguishes this matter from Hargett.

One established exception to the AOM requirement is substantial compliance. The doctrine of substantial compliance can be applied "to avoid technical defeat[] of [a] valid claim[]." Fink v. Thompson, 167 N.J. 551, 561 (2001) (quoting Cornblatt v. Barow, 153 N.J. 218, 239 (1998)). Courts consider these five factors to determine substantial compliance with the AOM:

> (1) lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.

> Ibid. (quoting Cornblatt, 153 N.J. at 239).

"Establishing those elements is a heavy burden." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 357 (2001).

As noted above, plaintiff's failure to identify specific medical professionals employed by defendant in the affidavit does not render it noncompliant, particularly in the context of a vicarious liability claim. Upon review of the record, we are satisfied defendant was not prejudiced by the absence of specific names because it was put on notice by both the affidavit and the opinion, which specified the class of medical professionals—physicians,

10

nurses, and staff—whose conduct was at issue. Plaintiff demonstrated good faith and diligent effort by making multiple requests to obtain his complete medical records and subsequently producing a more detailed affidavit, albeit without individual names. Plaintiff generally complied with the purpose of the AOM by demonstrating a meritorious claim.

As to the fourth and fifth elements, defendant had reasonable notice of plaintiff's claims through both the initial AOM and supplemental opinion authored by Dr. Rimawi, which addressed alleged deviations from the standard of care by medical staff responsible for plaintiff's treatment. Plaintiff also reasonably explained his inability to identify specific medical providers, citing lack of access to the medical records and the absence of a list from defendant. These circumstances limited plaintiff's ability to name individual professionals when the AOM was due. In sum, plaintiff demonstrated grounds for relief under the doctrine of substantial compliance, and therefore, we are satisfied the AOM was compliant.

III.

A trial court's denial of a motion for reconsideration is reviewed under the abuse of discretion standard. JPC Merger Sub LLC v. Tricon Enters., 474 N.J. Super. 145, 160 (App. Div. 2022) (citing Pitney Bowes Bank, Inc. v. ABC

11

Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)). "Where the order sought to be reconsidered is interlocutory, as in this case, Rule 4:42-2 governs the motion." Ibid. Under that Rule, "interlocutory orders 'shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.'" Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (quoting R. 4:42-2).

Defendant renews its prior arguments before the trial court concerning the absence of specifically named individuals prior to the 120-day deadline, asserting this omission was fatal and warrants dismissal under Hargett. When considering defendant's motion for reconsideration, the court properly applied the interest-of-justice standard, noting defendant raised no new arguments. In view of our conclusion and the precedent established in Moschella, we discern no abuse of discretion in the court's denial of defendant's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0038-25