**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2194-19T3

FRANCISCO PEREZ, Individually,
as Administrator and as Administrator
Ad Prosequendum for the ESTATE
OF TANNY ROBLES-PEREZ,
FRANSHESKA ROBLES GOMEZ,
SARAI PEREZ ROBLES and
MICHAEL PEREZ ROBLES,
a minor, by FRANCISCO PEREZ,
his Guardian Ad Litem,

     Plaintiffs-Respondents,

v.

FRED REVOREDO, M.D.,

     Defendant-Appellant,

and

MORT JACOBS PHARMACY,
NOUR PHARMACY, CVS
PHARMACY, PERDUE PHARMA,
LP, PERDUE PHARMA, INC., THE
PERDUE FREDERICK COMPANY,
TEVA PHARMACEUTICALS USA,
INC., TEVA LTD., CEPHALON, INC.,
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC., ORTHO-

MCNEIL-JANSSEN PHARMACEUTICALS,
INC., JANSSEN PHARMACEUTICA, INC.,
n/k/a JANSSEN PHARMACEUTICALS,
INC., ENDO HEALTH SOLUTIONS, INC.,
and ENDO PHARMACEUTICALS, INC.,

    Defendants.

_____

Argued telephonically April 21, 2020 –
Decided July 24, 2020

Before Judges Fisher, Accurso and Gilson.

On appeal from an order of the Superior Court of New
Jersey, Law Division, Passaic County, Docket No. L-
3289-18.

Philip F. Mattia argued the cause for appellant
(Mattia, McBride & Grieco, PC, attorneys; Philip
F. Mattia, of counsel and on the brief; Victoria
Pontecorvo, on the brief).

James Philip Kimball argued the cause for respondents
(Seigel Law LLC, attorneys; James Philip Kimball, of
counsel and on the brief).

PER CURIAM

    Defendant Fred S. Revoredo, M.D. appeals, on leave granted, from the

denial of his motion to dismiss the complaint of plaintiff Francisco Perez,

Individually, as Administrator and as Administrator Ad Prosequendum for the

Estate of Tanny Robles-Perez for failure to present an affidavit of merit that

complied with the same-specialty requirement of the Patients First Act,

N.J.S.A. 2A:53A-41. Because the affidavit of merit plaintiff submitted was authored by a physician board certified in a specialty different from defendant's board certified specialty, and the decedent's care involved defendant's specialty, we reverse.

The essential facts are undisputed and easily summarized. Plaintiff sued defendant for medical malpractice asserting he was negligent in the care and treatment of plaintiff's decedent causing her to overdose on opioid medication, resulting in her death.[1] Defendant answered the complaint, advising he was board certified in family medicine and specialized in that area of practice.

Plaintiff served a timely affidavit of merit authored by Angelo T. Scotti, M.D., board certified in internal medicine and infectious diseases, who opined to a reasonable probability that defendant's care and treatment of plaintiff's decedent fell below accepted standards of medical practice. Upon receipt of the affidavit of merit and Dr. Scotti's curriculum vitae, defendant's counsel wrote to plaintiff's counsel of defendant's objection to the affidavit of merit, noting that Dr. Scotti was not board certified in family medicine.

---

[1] Plaintiff also sued several other defendants in connection with the manufacture and sale of the opioid medication. The claims against those defendants were dismissed before we granted defendant leave to appeal.

A-2194-19T3

Receiving no response to his letter, defendant's counsel two months later moved to dismiss the complaint based on plaintiff's failure to comply with the same specialty requirement of the Patients First Act, N.J.S.A. 2A:53A-41. Plaintiff opposed the motion, arguing defendant's treatment of plaintiff's decedent did not involve defendant's board certification in family medicine. Defendant replied that plaintiff's decedent presented to defendant's family medical practice and obtained treatment within that specialty, leading ineluctably to the conclusion that defendant's treatment of plaintiff's decedent "involved" defendant's board certification in family medicine.

Defendant's motion was denied, as was his motion for reconsideration. The judge noted plaintiff alleged defendant engaged in "improperly prescribing opioid medication for pain," and that the record revealed "the treatment at issue consisted of typical day visits to the office for the purpose of examination and prescriptions for medications." The judge opined "there is a blurred distinction and overlap between practice as a general practitioner and practice as an expert in family medicine." And while pronouncing it "a very close call," the judge found "it certainly can be argued that defendant, Dr. Revoredo was acting a general practitioner and not as a board-certified expert."

A-2194-19T3

The judge observed there were "no allegations involving treatment that required additional specialties as a family or emergency medicine practitioner."  Noting he might well "question the wisdom of plaintiff selecting an expert who is a board-certified internist," the judge concluded "Dr. Scotti is nonetheless qualified to provide the standard of care for a general practitioner."

Defendant appeals, arguing the court erred in finding him a general practitioner and disregarding that plaintiff's decedent consulted him in his family practice, thus involving his board certification in family medicine, and further erred in concluding that Dr. Scotti is qualified to offer standard of care opinions as to defendant's treatment of plaintiff's decedent.  We agree.

Our review of a trial court decision interpreting compliance with the same specialty requirement of the Patients First Act is de novo.  Meehan v. Antonellis, 226 N.J. 216, 230 (2016).  The error here is one of law and followed on the trial court's acceptance of plaintiff's argument that because "prescribing of medication for pain during office visits is within the realm of a general practitioner," and defendant's treatment of plaintiff's decedent did not require a specialist board certified in family medicine, that Dr. Scotti, although

not specializing in family medicine, could nevertheless "provide the standard of care" governing defendant's treatment of plaintiff's decedent.

As the Supreme Court explained in Nicholas v. Mynster, 213 N.J. 463, 481-82 (2013), "[w]hen a physician is a specialist and the basis of the malpractice action 'involves' the physician's specialty, the challenging expert must practice in the same specialty." "Family medicine is a specialty recognized by the ABMS [American Board of Medical Specialties]," Buck v. Henry, 207 N.J. 377, 390 (2011). Section 41(a) of the Patients First Act thus prohibits plaintiff from offering an affidavit of merit from a doctor practicing in a specialty different from family medicine, unless defendant's "care or treatment" of plaintiff's decedent did not "involve[]" defendant's practice of family medicine. N.J.S.A. 2A:53A-41(a).

Although conceding, as he must, that his decedent consulted defendant in his specialty family medicine practice, plaintiff maintains the prescription of opioids is done by specialists and non-specialists alike, and thus that in prescribing opioids, defendant acted not as family medicine specialist but as a general practitioner. Indeed, at argument, plaintiff's counsel asserted the affidavit of merit in this case could have been authored by any doctor who

prescribes opioids, including a psychiatrist. That position is simply incorrect as a matter of law because it ignores Section 41 of the Patients First Act.

Prior to the amendment of the Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to -29, by the Patients First Act in 2004, L. 2004, c. 17; N.J.S.A. 2A:53A-37 to -42, plaintiff's position would have been an accurate statement of the law. See Burns v. Belafsky, 166 N.J. 466, 479 (2001) (noting "an affidavit of merit need not be executed by an expert with the same qualifications or certifications as the defending physician; that the expert is qualified to supply the required basis for the medical malpractice complaint is sufficient"); Rosenberg v. Cahill, 99 N.J. 318, 328-31 (1985) (holding medical professionals could render standard of care opinions in overlapping fields with common education, training, and licensure). But as the Court held in Nicholas v. Mynster, the Patients First Act changed the law on affidavits of merit. 213 N.J. at 468. "Under a plain textual reading of the Act, plaintiffs cannot establish the standard of care through an expert who does not practice in the same medical specialties as [the] defendant physicians." Ibid.

That specialists in several areas, such as psychiatry, as well as general practitioners can prescribe opioids for pain is irrelevant to whether Dr. Scotti is qualified to provide an affidavit of merit in this case. Section 41 of the

A-2194-19T3

Patients First Act requires that "when a defendant physician is subject to a medical-malpractice action for treating a patient's condition falling within his ABMS specialty, a challenging plaintiff's expert, who is expounding on the standard of care, must practice in the same specialty." Id. at 486.

Because defendant is a specialist in family medicine, a recognized ABMS specialty area, and plaintiff does not dispute that the treatment defendant provided to plaintiff's decedent, the prescription of opioid pain medication, falls within that specialty, notwithstanding that doctors in other specialties and general practitioners can also prescribe opioids for pain, Section 41's same-specialty requirement applies. Id. at 486-87. That family practice "overlaps" with practice in other areas, and that plaintiff's decedent might not have required the care of a board-certified specialist in family medicine is irrelevant. The point is that defendant was practicing in his ABMS specialty area when plaintiff's decedent consulted him, and that the prescription of opioid medication for pain falls squarely within "the broad range of services rendered by family-medicine specialists." Id. at 487.

Accepting plaintiff's position that any doctor qualified to prescribe opioids could author an affidavit of merit as to the standard of care for a specialist in family medicine in this case "would lead back to the days before

passage of the Patients First Act when, in medical-malpractice cases, physician experts of different medical specialties, but who treated similar maladies, could offer testimony even though not equivalently credentialed to defendant physicians."[2] Id. at 485.

Because plaintiff failed to submit a qualifying affidavit of merit, the trial court erred in denying defendant's motion to dismiss the complaint with prejudice. See Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243-47 (1998). Accordingly, we reverse the order denying defendant's motion and remand for entry of an order dismissing the complaint with prejudice. We do not retain jurisdiction.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Plaintiff's reliance on Nicholas v. Hackensack Univ. Med. Ctr., 456 N.J. Super. 110, 120 (App. Div. 2018), is misplaced. That case is not relevant because, unlike here, the expert authoring the affidavit of merit in that case shared the same specialty, pediatrics, as the defendant doctor.