**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1954-21

JESSICA HURLEY,

    Plaintiff-Respondent,

v.

NIKETA GOVINDANI, M.D.,

    Defendant-Appellant.

_____

Submitted July 11, 2022 – Decided August 2, 2022

Before Judges Currier and DeAlmeida.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1260-21.

Ruprecht Hart Ricciardulli & Sherman, LLP, attorneys for appellant (Michael R. Ricciardulli, of counsel and on the briefs; Brion D. McGlinn, on the briefs).

Alfred V. Acquaviva, attorney for respondent.

PER CURIAM

In this medical negligence action, on leave granted, we consider whether the physician who issued the affidavit of merit (AOM) met the requirements under the New Jersey Medical Care Access and Responsibility and Patients First Act (PFA), N.J.S.A. 2A:53A-37 to -42. Although the certifying physician had retired from his forty years of practice in New York as an obstetrician/gynecologist (OB/GYN) two years prior to the accrual of plaintiff's claims, he continued to volunteer as an OB/GYN at a clinic in Florida. The trial court found the AOM compliant with the statute. Because we conclude the certifying physician was board certified in the same specialty as defendant and was "devoting the majority of his professional time" to the practice of that specialty, we affirm.

Plaintiff alleges defendant deviated from the standard of care in her prenatal and postpartum care, specifically that defendant failed to appreciate signs of pre-eclampsia during plaintiff's pregnancy in 2019. Plaintiff served a timely AOM authored by Leonard A. Benedict, M.D. Thereafter, defendant moved to dismiss the complaint, asserting Dr. Benedict was not qualified to issue the AOM.

The court conducted a N.J.R.E. 104 hearing during which Dr. Benedict described his qualifications and explained his current professional work. Dr.

A-1954-21

Benedict became a licensed physician in 1973 and was board certified in OB/GYN in 1981. The doctor held privileges at North Shore University Hospital in New York for approximately forty years. He delivered thousands of babies and performed hundreds of OB/GYN procedures.

Dr. Benedict retired from North Shore Hospital in 2017. He moved to Florida and began volunteering at a clinic three times a month for a total of fifteen hours. Dr. Benedict is licensed in New York and Florida and maintains his board certification. He previously served as chairman of the OB/GYN department at New York Institute of Technology, College of Osteopathic Medical School, and was a lecturer there. He currently undertakes work as an expert witness, reviewing four to five cases per year. The doctor testified he spends more time at the clinic than performing expert witness work or on other professional activities.

At the clinic, the doctor sees pregnant patients, performing examinations and reviewing the patients' files. He also orders testing and evaluates results of ultrasounds and other tests. The doctor refers patients to a particular hospital when a procedure is needed or for the delivery of a baby. He stated he had not delivered a baby since 2016. In addition, Dr. Benedict provides gynecological

care at the clinic, which includes diagnosing fibroids, ectopic pregnancies, and other related OB/GYN issues.

On December 15, 2021, the trial court denied defendant's motion to dismiss. The court found that Dr. Benedict was practicing as an OB-GYN at the clinic, and although he does not deliver babies, he provides the same type of prenatal and postpartum care that defendant rendered to plaintiff. The court also noted that although Dr. Benedict only performed fifteen hours of clinical work per month, his clinical practice "involves more time than what he does . . . being a medical expert." Therefore, the court found that Dr. Benedict's work at the clinic satisfied the statute's requirement that an expert conduct the "majority of his professional time in active clinical practice." The judge stated that Dr. Benedict "is qualified as an expert in the area of obstetrics and gynecology and would be qualified to offer this affidavit of merit and would likewise be qualified to testify at the time of trial."

Defendant moved for reconsideration. The trial court denied the motion on January 21, 2022. In addressing defendant's argument that Dr. Benedict does not devote a majority of his professional time to active clinical practice, the court stated that "[Dr. Benedict's] status as retired from his private practice does not mean he is not devoting a majority of his professional time to active clinical

 A-1954-21

practice."  In addition, although the doctor was no longer delivering babies, he remained actively engaged in an OB/GYN practice.  And because plaintiff's claims of negligence arose out of defendant's prenatal and postpartum care, rather than labor and delivery, the allegations fell within Dr. Benedict's current practice and expertise.

On appeal, defendant asserts the trial court erred in interpreting the statute governing the preparation of an AOM, N.J.S.A. 2A:53A-26 to -29, and the PFA. Our review of a trial court's interpretation of a statute is de novo.  See Meehan v. Antonellis, 226 N.J. 216, 230 (2016).

In any action for damages for malpractice or negligence by a licensed professional, plaintiff must provide defendant, within sixty days of defendant's answer,[1] an affidavit of an appropriate licensed professional stating that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional . . . practices."  N.J.S.A. 2A:53A-27.  The purpose of the affidavit of merit statute "is laudatory—to weed out frivolous claims against licensed professionals early in the litigation process."  Meehan,

---

[1] The court may grant one additional period, not to exceed sixty days, to file the affidavit of merit for "good cause."  N.J.S.A. 2A:53A-27.

A-1954-21

226 N.J. at 228 (citing Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003)).

In addition, a plaintiff must comply with the PFA. Under N.J.S.A. 2A:54A-41, a person may not give expert testimony or execute an affidavit of merit regarding the appropriate standard of practice or care unless they are a licensed physician who meets the following criteria:

> (a) If the party against whom or on whose behalf the testimony is offered is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association and the care or treatment at issue involves that specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association, the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association, as the party against whom or on whose behalf the testimony is offered, and if the person against whom or on whose behalf the testimony is being offered is board certified and the care or treatment at issue involves that board specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association, the expert witness shall be:
>
> . . . .
>
> (2) a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association who is board

6

certified in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association, and <u>during the year immediately preceding the date of the occurrence that is the basis for the claim or action, shall have devoted a majority of his professional time to either</u>:

(a) the <u>active clinical practice</u> of the same health care profession in which the defendant is licensed, and, if the defendant is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association, <u>the active clinical practice of that specialty or subspecialty</u> recognized by the American Board of Medical Specialties or the American Osteopathic Association; or

(b) the instruction of students in an accredited medical school, other accredited health professional school or accredited residency or clinical research program in the same health care profession in which the defendant is licensed, and, if that party is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association, an accredited medical school, health professional school or accredited residency or clinical research program in the same specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association; or

(c) both.

[N.J.S.A. 2A:53A-41(a) (emphasis added)].

Defendant contends Dr. Benedict was not engaged in "the active clinical practice" of the OB-GYN specialty as required under N.J.S.A. 2A:53A-41(a).

A-1954-21

The statute does not define or set forth parameters for "the active clinical practice" of a specialty.

In interpreting a statute, courts must discern and effectuate the Legislature's intent.  Meehan, 226 N.J. at 232.  The best indicator of that intent is the statutory language itself.  DiProspero v. Penn, 183 N.J. 477, 492 (2005).  Therefore, we begin with the words of the statute and ascribe to them their ordinary meaning.  Mason v. City of Hoboken, 196 N.J. 51, 68 (2008).

As stated, the purpose of the AOM statute is to "put to rest unmeritorious and frivolous malpractice lawsuits at an early stage of litigation while allowing worthy claims to proceed through discovery, and, if warranted, to trial."  Knorr v. Smeal, 178 N.J. 169, 176 (2003) (citing Palanque v. Lambert-Woolley, 168 N.J. 398, 404 (2001)).  Therefore, a plaintiff only needs to make a threshold showing that their claim is meritorious.  Our Supreme Court has stated that there is no legislative interest in having the AOM statute bar a plaintiff's claims made in good faith.  See Buck v. Henry, 207 N.J. 377, 393 (2011).  See Ryan v. Renny, 203 N.J. 37, 51 (2010) (stating the legislative intent of the AOM statute was not to create a "minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims").

A-1954-21

The purpose of the additional requirements imposed on an AOM under the PFA is to establish "qualifications for expert witnesses in medical malpractice actions" and to ensure that a party's expert has "the same type of practice and possess the same credentials . . . as the defendant health care provider, unless waived by the court." Meehan, 226 N.J. at 231 (citing Assembly Appropriations Comm., Statement to A. 50 2-3 (Mar. 4, 2004)); See also Buck, 207 N.J. at 389 (holding the basic principle behind N.J.S.A. 2A:53A-41 is that "the challenging expert" who executes the affidavit of merit should be "equivalently-qualified" as the defendant physician).

Defendant does not dispute that Dr. Benedict meets the PFA's initial requirement under 41(a)—that he is a specialist recognized by the American Board of Medical Specialties. Defendant instead challenges the expert's qualifications under 41(a)(2)(a), asserting that fifteen hours of volunteer work per month at a clinic is not "devot[ing] a majority of his professional time to . . . (a) the active clinical practice of the same health care profession in which the defendant" specializes. N.J.S.A. 53A-41(a)(2)(a).

Although Dr. Benedict retired from his practice in New York, he continues to practice in his medical specialty in Florida, albeit likely for a fraction of the number of hours he previously worked. But the statute does not require the

expert be paid for his medical services or that he perform his medical services for a minimum number of hours per month. The statute requires an expert to devote the "majority of [their] professional time" to "the active clinical practice of the same health care profession in which the defendant" specializes. Ibid.

Dr. Benedict devotes a majority of his professional time to the active clinical practice of OB/GYN. He continues to be board certified in his specialty in both New York and Florida. Under the circumstances presented here, we are satisfied Dr. Benedict met the requirements of N.J.S.A. 2A:53A-41 to permit him to author an AOM. His qualifications and current practice meet the Legislature's intent of ensuring that a party's expert is similarly credentialed as the defendant physician. See Meehan, 226 N.J. at 231. Any contrast between the expert's current work and defendant's practice will be fully explored at trial. But it is not a barrier to Dr. Benedict issuing an AOM.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1954-21