**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3032-20

STEVEN PRIOLO, as
administrator ad prosequendum
of the Estate of DOROTHY
PRIOLO and STEVEN PRIOLO,
individually,

      Plaintiff-Appellant,

v.

SHORROCK GARDEN CARE
CENTER,

      Defendant-Respondent.

_____

Submitted September 12, 2022 - Decided September 20, 2022

Before Judges Currier and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2263-20.

Richard A. Amdur, Jr., attorney for appellant.

Lewis Brisbois Bisgaard & Smith, LLP, attorneys for respondent (Malinda A. Miller, of counsel and on the brief; Alex W. Raybould and S. Christopher Martino, on the brief).

PER CURIAM

Dorothy Priolo was a resident at defendant's assisted living facility when she contracted COVID-19, leading to her death on April 17, 2020.[1] Plaintiff alleges defendant was negligent "in failing to implement and execute appropriate protocols and standards for managing and minimizing the existing threat and risks posed by the COVID-19 virus." Plaintiff further contends defendant did not follow State mandated guidelines regarding the management and containment of the virus, did not properly implement testing protocols, visitation policies, and employee testing, and failed to establish the enforcement and procurement of personal protection equipment and employee contact procedures.

After defendant filed an answer asserting statutory defenses and requesting plaintiff provide an affidavit of merit (AOM), plaintiff served an AOM on April 6, 2021 authored by Bruce H. Podrat, MBA/MHA. According to his curriculum vitae, Podrat is a healthcare administrative consultant who specializes in assisting healthcare systems, including assisted living facilities, to "achieve strategic business objectives." He certified he was "experienced

---

[1] The death certificate listed the cause of death as cardiac arrest, hypoxic respiratory failure, and COVID-19 infection.

2                                                                              A-3032-20

with assisted living and nursing home administrative standard of care issues based on [his] training, education and experience with nursing home[s], assisted living facilities and lifecare facilities."

Defendant objected to plaintiff's AOM, asserting Podrat was not a licensed medical professional, a licensed nursing home administrator or a certified assisted living administrator. Therefore, Podrat was not qualified to offer an opinion regarding the standard of care owed to decedent from an assisted living facility. During an April 22, 2021 Ferreira[2] conference, the court advised plaintiff the AOM did not meet the statutory requirements under N.J.S.A. 2A:53A-27. The court permitted plaintiff to submit supplemental documentation.

Thereafter, the court conducted a hearing in an attempt to resolve the issues regarding plaintiff's AOM. Failing to reach a resolution, the court directed defendant to file the appropriate motion.

Defendant moved to dismiss the complaint for failure to comply with the AOM statute, failure to state a cause of action under the New Jersey COVID-19 Immunity Act, P.L. 2020, c.18, and failure to state a claim under the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. § 247d-6d(a)(1).

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

On June 24, 2021, the trial court issued an order and written opinion granting the motion to dismiss.[3] The court found plaintiff was required to serve an AOM because defendant was a licensed person under N.J.S.A. 2A:53A-26(j) as a health care facility defined under N.J.S.A. 26:2H-2. The court relied on the definition of a "health care facility" which includes, but is not limited to, "a rehabilitation center, extended care facility, skilled nursing home, . . . residential health care facility, [and] dementia care home." N.J.S.A. 26:2H-2(a). Therefore, plaintiff required an AOM from a licensed person having the requisite expertise in the administration of an assisted care facility to opine on the applicable standard of care.

We review de novo a trial court's determination of a motion to dismiss under Rule 4:6-2(e). Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019) (citing Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)). "[N]o deference [is owed] to the trial court's legal conclusions." Ibid. (citing Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)).

---

[3] The court dismissed the complaint due to plaintiff's failure to serve the required AOM. The court did not address the additional grounds asserted for dismissal.

A-3032-20

Our review of rulings of law and issues regarding the applicability, validity (including constitutionality) or interpretation of laws, statutes, or rules is also de novo. See Meehan v. Antonellis, 226 N.J. 216, 230 (2016).

On appeal, plaintiff asserts the trial court erred in finding defendant is a health care facility as defined under N.J.S.A. 26:2H-2, thus requiring plaintiff to serve a compliant AOM.

In any action for damages for negligence by a licensed person in their profession or occupation, plaintiff must provide defendant, within sixty days of defendant's answer,[4] an affidavit of an appropriate licensed person stating that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional . . . practices." N.J.S.A. 2A:53A-27.

The definition of a "licensed person" under N.J.S.A. 2A:53A-26 includes "a health care facility as defined in . . . ([the Health Care Facilities Planning Act (HCFPA), N.J.S.A.] 26:2H-2)." Under N.J.S.A. 26:2H-2, a health care facility is

---

[4] The court may grant one additional period, not to exceed sixty days, to file the affidavit of merit for "good cause." N.J.S.A. 2A:53A-27.

the facility or institution, whether public or private, that is engaged principally in providing services for health maintenance organizations, diagnosis, or treatment of human disease, pain, injury, deformity, or physical condition, <u>including, but not limited to</u>, a general hospital, special hospital, mental hospital, public health center, diagnostic center, treatment center, rehabilitation center, <u>extended care facility, skilled nursing home, nursing home</u>, intermediate care facility, tuberculosis hospital, chronic disease hospital, maternity hospital, outpatient clinic, dispensary, home health care agency, <u>residential health care facility</u>, [and] <u>dementia care home</u>. . . .

[emphasis added.]

The purpose of the affidavit of merit statute "is laudatory—to weed out frivolous claims against licensed professionals early in the litigation process." <u>Meehan</u>, 226 N.J. at 228 (citing <u>Ferreira</u>, 178 N.J. at 146).

In interpreting a statute, courts must discern and effectuate the Legislature's intent. <u>Id.</u> at 232. The best indicator of that intent is the statutory language itself. <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005). Therefore, we begin with the words of the statute and ascribe to them their ordinary meaning. <u>Mason v. City of Hoboken</u>, 196 N.J. 51, 68 (2008).

A reading of the statute reveals the Legislature did not explicitly include "assisted living facility" in its definition of health care facility under N.J.S.A. 26:2H-2. However, since the statute is part of a larger framework, we read it in

connection with the other parts to give meaning to the legislative scheme. Wilson ex. rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012) (citing Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 129 (1987)).

N.J.S.A. 26:2H-2 plainly defines a "health care facility" as "the facility or institution . . . engaged principally in providing services for health maintenance organizations, diagnosis, or treatment of human disease, pain, injury, deformity, or physical condition, including, but not limited to, a general hospital . . . extended care facility, skilled nursing home, nursing home, . . . residential health care facility, [and] dementia care home . . . ." (emphasis added). The HCFPA also defines an "[a]ssisted living facility" as an "assisted living residence or comprehensive personal care home pursuant to . . . ([N.J.S.A.] 26:2H-1 . . . .)" N.J.S.A. 26:2H-12.56. And "[a]ssisted living" is defined as "a coordinated array of supported personal and health services, available [twenty-four] hours per day, which promote resident self-direction and participation in decisions that emphasize independence, individuality, privacy, dignity, and homelike surroundings to residents who have been assessed to need these services, including residents who require formal long-term care." N.J.S.A. 26:2H-7.15 (emphasis added).

It cannot be disputed that defendant provides health services and is similar in nature to a "a general hospital . . . extended care facility, skilled nursing home, nursing home, . . . residential health care facility, [and] dementia care home." N.J.S.A. 26:2H-2. As all these entities are included in the definition of a health care facility, we can infer the Legislature intended an assisted living facility to also fall within the statute and be considered a health care facility subject to the requirements of the AOM statute.

Moreover, we note defendant is licensed by the New Jersey State Department of Health and regulated under N.J.A.C. 8:36-1 to -21. To achieve the license, an assisted living facility must be capable of providing "assistance with personal care, nursing, pharmacy, dining, activities, recreational, and social work services to meet the individual needs of each resident." N.J.A.C. 8:36-5.1(b). The facility must also be capable of providing the supervision of self-administered medication and administration of medications by trained and supervised personnel. N.J.A.C. 8:36-5.1(c) to (d). And an assisted living facility must always have at least one registered professional nurse available to its residents. N.J.A.C 8:36-8.2. In providing personal and health services, including nursing and pharmacy services, defendant is a health care facility as defined under N.J.S.A. 26:2H-2.

A-3032-20

In addition, the list of facilities included in N.J.S.A. 26:2H-2 is not meant to be exclusive as noted by the Legislature's addition of the phrase "including, but not limited to." In fact, the Legislature explicitly excluded certain entities from the definition of health care facility, such as institutions that provide healing solely by prayer. See N.J.S.A. 26:2H-2(a). An assisted living facility was not an excluded entity.

Because we have found defendant is a health care facility to which the AOM statute is applicable, plaintiff was required to serve an appropriate AOM to support its complaint. The person executing the AOM must meet the requirements under N.J.S.A. 2A:53A-27 and, in addition to holding a professional license, also have particular expertise in the general area or specialty involved in the action. Podrat cannot meet those requirements. He is not licensed as a physician or nurse or a nursing home administrator. Nor is Podrat a certified assisted living administrator. Therefore, Podrat does not have the qualifications to opine on the standard of care required of an assisted care facility during the first months of the COVID-19 epidemic.

Without the requisite AOM, plaintiff cannot support its cause of action. The trial court properly dismissed the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9