**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3016
_____

CALVIN S. URETSKY,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-20-cv-16086)
District Judge:  Honorable Evelyn Padin
_____

Argued:  July 14, 2023

Before:  PHIPPS, MONTGOMERY-REEVES, and McKEE, *Circuit Judges*.

(Filed: July 15, 2024)
_____

Daniel S. Bretzius **[ARGUED]**
DAN B LAW PLLC
75 South Main Street
Concord, NH 03301

        *Counsel for Appellant*

Catherine M. Padhi **[ARGUED]**
Mark B. Stern
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
950 Pennsylvania Avenue NW
Washington, DC 20530

Angela Juneau
OFFICE OF UNITED STATES ATTORNEY
970 Broad Street
Newark, NJ 07102

J. Andrew Ruymann
OFFICE OF UNITED STATES ATTORNEY
402 East State Street
Suite 430
Trenton, NJ 08608

   *Counsel for Appellee*

       ————————

        OPINION[*]
       ————————

PHIPPS, *Circuit Judge*.

  As a tort reform measure, New Jersey requires an affidavit of merit to bring a medical malpractice claim. *See* N.J. Stat. § 2A:53-A-27. Such an affidavit must be from a licensed medical professional, must attest that a reasonable probability exists that the medical care received was deficient, and must be provided within 60 days of the answer in a civil case. *See id.*; *see also Meehan v. Antonellis*, 141 A.3d 1162, 1169 (N.J. 2016) (explaining that the purpose of the affidavit of merit is "to weed out frivolous claims against licensed professionals early in the litigation process" (citing *Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 780 (N.J. 2003))); Benjamin Grossberg, Comment, *Uniformity, Federalism, and Tort Reform: The* Erie *Implications of Medical Malpractice Certificate of Merit Statutes*, 159 U. Pa. L. Rev. 217, 225 (2010) (reporting similar affidavit-of-merit requirements in about half of the states).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

At the federal level, the Federal Tort Claims Act, ubiquitously abbreviated as the 'FTCA,' allows tort claims, including medical malpractice claims, against the United States. Under the terms of that statute, the United States is "liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In contrast with New Jersey law, the FTCA does not require an affidavit of merit to sue for medical malpractice.

In this case, a *pro se* veteran, Calvin Uretsky, invoked the jurisdiction of the United States District Court for the District of New Jersey to bring four claims against the United States under the FTCA related to the medical treatment he received at a Veterans Affairs Hospital in New Jersey in 2016.[1] Uretsky did not file an affidavit of merit in connection with his claims.

On the premise that an affidavit of merit was required for Uretsky's claims to proceed, the Government moved to dismiss his claims. After converting the Government's motion to one for summary judgment, *see* Fed. R. Civ. P. 12(d), the District Court granted it and rejected all of Uretsky's claims because he had not submitted an affidavit of merit. *Uretsky v. United States*, 2022 WL 4466635, at *8 (D.N.J. Sept. 26, 2022).

Through a timely notice of appeal, Uretsky invoked this Court's appellate jurisdiction over final decisions. *See* 28 U.S.C. § 1291. He now argues that the basis for the judgment against him – the failure to submit an affidavit of merit – is invalid.

While this appeal was pending, this Court resolved a similar challenge to Pennsylvania's certificate-of-merit requirement. *See* Pa. R. Civ. P. 1042.3(a)(1) (requiring

---

[1] *See* 28 U.S.C. § 1331 (granting subject-matter jurisdiction to federal courts over "civil actions arising under the . . . laws . . . of the United States"); *id.* § 1346(b)(1) (vesting federal district courts with exclusive jurisdiction over FTCA claims); *see also CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) ("[T]he FTCA itself is the source of federal courts' jurisdiction to hear tort claims made against the Government.").

a certificate of merit from a medical professional as a prerequisite to a medical malpractice claim). That case, *Wilson v. United States*, 79 F.4th 312 (3d Cir. 2023), held that Pennsylvania's certificate-of-merit requirement did not apply to claims brought in federal court against the United States under the FTCA. *Id.* at 316. That was so because "[t]he FTCA's incorporation of state law is limited in scope and reaches only a subset of potentially relevant state legal rules" – only those "govern[ing] *liability* in tort." *Id.* at 317 (emphasis added). And by reasoning that a certificate of merit "does not determine liability," *Wilson* concluded that a requirement for a certificate of merit was "not incorporated by the FTCA." *Id.* at 318.

New Jersey's affidavit-of-merit statute is "analogous" to Pennsylvania's certificate-of-merit requirement. *Schmigel v. Uchal*, 800 F.3d 113, 120 (3d Cir. 2015). In particular, neither determines tort liability.[2] Accordingly, the *Wilson* rationale applies to New Jersey's affidavit-of-merit statute, and the failure to submit an affidavit of merit is not grounds to reject an FTCA claim for medical malpractice based on New Jersey tort law.[3]

---

[2] *Compare* N.J. Stat. § 2A:53-A-27 ("In any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices."), *with* Pa. R. Civ. P. 1042.3(a)(1) ("In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard . . . the plaintiff . . . shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that . . . an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.").

[3] The Government argues that the New Jersey Supreme Court has characterized the affidavit-of-merit requirement as an 'element' of a medical malpractice claim. *See Meehan*, 141 A.3d at 228 ("The submission of an appropriate affidavit of merit is considered an element of the claim."). But another New Jersey Supreme Court case articulates the substantive elements of a medical-malpractice claim without reference to an

Because Uretsky's medical malpractice claims failed on that basis, we will vacate the judgment of the District Court and remand the case for further proceedings.

---

affidavit of merit. *See Komlodi v. Picciano*, 89 A.3d 1234, 1246 (N.J. 2014) ("In a medical-malpractice action, the plaintiff has the burden of proving the relevant standard of care governing the defendant-doctor, a deviation from that standard, an injury proximately caused by the deviation, and damages suffered from the defendant-doctor's negligence." (citation omitted)). And New Jersey's intermediate appellate court has not interpreted the affidavit-of-merit requirement as a substantive element of a medical-malpractice claim after *Meehan*. *See, e.g.*, *Smith v. Datla*, 164 A.3d 1110, 1122 (N.J. Super. Ct. App. Div. 2017) (citing *Komlodi*, 89 A.3d at 1246). Regardless, the FTCA analysis under *Wilson* did not proceed along the substantive-procedural dividing line as it does in diversity cases, *see generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), but rather on the scope of the FTCA's incorporation of state law, and the analogous nature of New Jersey and Pennsylvania's requirements dictates the same outcome for FTCA claims under both provisions. *See Wilson*, 79 F.4th at 319 ("[Pennsylvania's certificate-of-merit requirement] is therefore not a rule of tort liability incorporated by the FTCA, even if it may be 'substantive' for the purposes of *Erie*.").