**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2225-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMAR HOLMES, a/k/a
JAMAR F. HOLMES, and
KEVIN WILSON,

    Defendant-Appellant.

_____

Submitted October 9, 2024 – Decided July 10, 2025

Before Judges Gooden Brown and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-08-1515.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Jamar Holmes, appeals from an order denying his second petition for post-conviction relief (PCR). For the reasons which follow, we affirm.

## I.

Following a 2012 jury trial, defendant was convicted of first-degree murder and related weapons offenses stemming from fatally stabbing Donald Andres in a liquor store. He was sentenced to a term of fifty-five years, subject to the No Early Release Act (NERA).[1] On direct appeal, we affirmed defendant's convictions, but remanded for resentencing. State v. Holmes (Holmes I), No. A-0680-13 (App. Div. Mar. 2, 2015) (slip op. at 2), certif. denied, 222 N.J. 16 (2015). At resentencing, defendant was sentenced to forty years' imprisonment, subject to NERA.

We recount the salient facts from our opinion in Holmes I:

> At around noon on New Year's Day 2011, defendant went to a party at the home of his friend, S. Higdon. There, he and the other guests began to drink heavily and smoke marijuana. The victim, Donald Andrews, arrived later that afternoon.
>
> Around 9:30 p.m., defendant and the victim had, according to Higdon's trial testimony, "some words." Higdon did not know the reason for their confrontation, which he described as "a little argument[,]" "nothing

---

[1] N.J.S.A. 2C:43-7.2.

that major[,]" that lasted under two minutes. When he saw both men stand up, he stood between them to prevent further escalation; everyone sat back down. A few minutes later, he, defendant, the victim, and at least one other person returned to a nearby liquor store where they had already gone several times that day for more alcohol.

Andrews entered the store alone; the others waited outside while Higdon took "a couple [of] calls." Defendant followed Andrews in the store, raised a large knife, stabbed the victim once in the back, and walked out. The store's video surveillance system captured the entire event.

[Id. at 1-2.]

In 2015, defendant timely filed a pro se PCR petition, which was later supplemented by counsel, alleging several instances of ineffective assistance of counsel (IAC) at trial. After conducting an evidentiary hearing on the limited issue of "whether [d]efendant made a knowing and voluntary rejection of the State's plea offer," the PCR court denied defendant's petition by order dated January 10, 2018, for reasons stated in an accompanying eighteen-page written opinion.

On appeal of his first PCR petition, defendant raised the following argument:

THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT

3

ESTABLISHED TRIAL COUNSEL MISADVISED HIM REGARDING HIS SENTENCE EXPOSURE AND MISLED HIM REGARDING S.H.'S STATEMENT BEING ADMISS[I]BLE; THEREFORE, THE MATTER SHOULD BE REMANDED BECAUSE ADDITIONAL TESTIMONY IS NEEDED FROM [ROBERTS].

[State v. Holmes (Holmes II), No. A-3538-17 (App. Div. Sept. 25, 2019) (slip op. at 7), certif. denied 241 N.J. 8 (2020) (alterations in original).]

Rejecting defendant's argument, we noted that defendant "failed to present competent evidence satisfying either Strickland[2] prong," especially considering that "[defendant] claim[ed] he would have accepted the plea offer" regardless of his trial counsel's advice. Id. at 11-12. We concluded that, even if Roberts "misinformed" defendant about his sentencing consequences, defendant "nonetheless failed to satisfy the second prong of the Strickland test because he rejected a twenty-five-year plea offer and took the risk of going to trial with actual knowledge that his maximum sentencing exposure was life imprisonment." Id. at 12 (citing State v. Taccetta, 200 N.J. 183, 193-94, 198 (2009)).

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

On April 17, 2020, defendant filed his second pro se PCR petition, later supplemented by counsel's brief and defendant's certification, alleging IAC during his first PCR petition and related appeal. Defendant argued that PCR counsel should have called Roberts at the evidentiary hearing and that appellate counsel "raised only one issue," failing to argue for an evidentiary hearing on trial counsel's communication, preparation, presentation of an intoxication defense, and for misinforming defendant about his "penal exposure" and certain evidentiary admissions.

The second PCR court conducted oral argument and an evidentiary hearing. During the evidentiary hearing, the State offered Roberts as its sole witness. Defendant offered no witnesses,[3] but introduced separate federal and state judgments of conviction against Roberts from 2018 and 2019, respectively.

On January 3, 2023, the second PCR judge entered an order denying defendant's second PCR petition, appending a nine-page written statement of reasons. After reviewing the record in view of applicable law, the judge found that "had [Roberts] been located [or] available[,] the State would have called

---

[3] Defendant's second PCR counsel stated before the PCR judge that he "d[id] not believe it would be advantageous to [defendant] to call [first PCR counsel]." Defendant confirmed that he was informed of that strategic decision, and that he agreed.

him as a witness at the evidentiary hearing on the first PCR [petition]." Defendant's request for an evidentiary hearing was granted because "[Roberts] ha[d] been located and [wa]s now available" after being "out of state and ill" during the first PCR evidentiary hearing.

The PCR judge recounted Roberts' testimony as follows:

> Roberts was an attorney in private practice who, at the time of the trial had been practicing approximately [thirty] years. He is a former law enforcement officer who worked as a detective [and assistant prosecutor] for the Essex County [Prosecutor's Office] and the Essex County Bureau of Narcotics . . . . At the hearing Roberts testified that he had represented hundreds of defendants. He testified that his usual practice was to meet with defendants, review the discovery, and discuss trial strategy. He acknowledged that he had no specific memory of the details of his meetings with [defendant] . . . . He did not recall the specifics of any plea discussions.

The judge determined that Roberts' testimony was "forthright," "responsive to questions posed by the State and [defendant]," based on "personal knowledge of the facts of his representation of . . . defendant," and was "supported by other evidence, particularly the testimony of . . . defendant" made during the first PCR evidentiary hearing. In concluding that defendant "fail[ed] to meet the two-pronged test set forth in <u>Strickland</u>," the judge reasoned that:

> [t]he court now having had the opportunity to hear each of the three defense attorneys who represented . . .

defendant in preparation for trial[,] . . . the court finds . . . [d]efendant's claims of ineffective assistance of counsel to be untenable. From the testimony of . . . Roberts[,] there is no suggestion that [defendant] rejected the plea offer because of faulty advice from . . . Roberts. Both . . . Kinsale and . . . Strauss discussed the offer with [defendant] . . . . Roberts did not testify that he recalled having discussed a plea offer with [defendant]. There is nothing to suggest that had previous PCR counsel been able to locate . . . Roberts, that his testimony would have been different . . . at the [first PCR] hearing.

Defendant raises the following points on appeal:

### POINT ONE

[DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM DURING THE PLEA NEGOTIATION PROCESS SUCH THAT HE WENT TO TRIAL WHEN HE OTHERWISE WOULD HAVE PLED GUILTY[] AND RECEIVED AN ADDITIONAL [FIFTEEN] YEARS ON HIS SENTENCE.

### POINT TWO

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT]'S CLAIMS THAT APPELLATE PCR I COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO RAISE MERITORIOUS ISSUES IN HIS APPELLATE PCR I BRIEF.

7

II.

A "PCR court's determination to proceed without an evidentiary hearing," is reviewed under the abuse of discretion standard. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall (Marshall III), 148 N.J. 89, 158 (1997) (citations omitted). An evidentiary hearing is only required when a defendant establishes "a prima facie case in support of [PCR]," the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)).

Following an evidentiary hearing, as conducted here, we defer to a PCR court's factual findings when they are "'supported by sufficient credible evidence

8

in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (1992)). That is partly because "[a]n appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness he[ or she] has observed firsthand." Nash, 212 N.J. at 540. Nevertheless, we review de novo the PCR court's legal conclusions and application of any legal rules to its factual findings. State v. Harris, 181 N.J. 391, 416, 419 (2004) (first citing Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002); then citing Marshall III, 148 N.J. at 185; and then citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

## III.

## A.

Defendant reprises his first PCR petition argument, namely that trial counsel was ineffective during the plea negotiation process "causing [defendant] to proceed to trial and receive a [forty]-year sentence" rather than a twenty-five-year sentence if he pled guilty.[4] We do not agree because the argument is procedurally barred under Rule 3:22-5.

---

[4] Defendant does not appeal the PCR judge's determination that his IAC claims against first PCR counsel are unfounded.

It is axiomatic that where an issue has been determined on the merits in a prior appeal it cannot be relitigated in a later appeal of the same case. R. 3:22-5; State v. McQuaid, 147 N.J. 464, 484 (1997). Rule 3:22-5 precludes a PCR argument if the issue "'is identical or substantially equivalent'" to an issue previously adjudicated on its merits. McQuaid, 147 N.J. at 484 (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979)). The procedural bar is consistent with New Jersey's public policy, which aims "to promote finality in judicial proceedings." Id. at 483.

In defendant's first PCR appeal, we recounted the findings made by the PCR court regarding his first two trial attorneys. Holmes II, slip op. at 3-4. Even though Roberts was then unavailable, the court concluded that defendant "failed to present competent evidence satisfying either Strickland prong," based upon defendant's own testimony before the PCR court that "he would have accepted the plea offer" regardless of his trial counsel's advice. Holmes II, slip op. at 11-12. The court determined that admission was sufficient to overcome a scenario where Roberts did misinform defendant of his sentencing consequences. Id. at 12; cf. Taccetta, 200 N.J. at 193-94, 198 (rejecting the defendant's IAC claim that he "could have entered a guilty plea to the purported plea offer if correctly advised [by his attorney] concerning the sentencing

consequences" because to do so defendant would have "commit[ted] perjury in giving a factual basis for a crime he insist[ed] he did not commit[,]" a practice "antithetical to our court rules, case law, and the administration of justice"). On this record, we easily conclude that defendant's IAC claim regarding plea negotiations was procedurally barred, as it was raised on appeal and disposed of in Holmes II.

For completeness' sake, we note that the second PCR judge, now informed by defendant's testimony and all three trial attorneys, determined that defendant's IAC claims against Roberts were "untenable" because "there [wa]s no suggestion that [defendant] rejected the plea offer because of faulty advice from . . . Roberts." The judge found that nothing learned from Roberts' testimony at the second PCR evidentiary hearing would have affected the outcome of defendant's previously denied PCR petition and properly rejected this claim.

### B.

Defendant next argues that his IAC claim against his first PCR appellate counsel was "acknowledged" by the second PCR court, but that the judge "did not rule on [his] claim." Citing his IAC claims against trial counsel—raised in defendant's second PCR petition and again here—defendant contends first PCR

appellate counsel "could and should have raised th[o]se issues" during the first PCR appeal but "fail[ed] to do so" thereby "prejudice[ing]" defendant. We are unconvinced.

"To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). To establish a prima facie IAC claim, a defendant must demonstrate "by a preponderance of the credible evidence," State v. Echols, 199 N.J. 344, 357 (2009), that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense, Strickland, 466 U.S. at 687; accord State v. Fritz, 105 N.J. 42, 52-58 (1987).

A defendant's IAC claim will not succeed if he or she fails to meet each prong of the Strickland/Fritz standard. State v. Parker, 212 N.J. 269, 280 (2012). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697).

Under Strickland's first prong, "there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Echols, 199 N.J. at 358 (quoting Strickland, 446 U.S. at 689). "An attorney's representation is deficient when it '[falls] below an objective standard of reasonableness.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 688). A defendant must therefore "show[] that counsel's 'acts or omissions were outside the wide range of professionally competent assistance' considered in light of all the circumstances of the case." Echols, 199 N.J. at 358 (quoting Strickland, 466 U.S. at 690). "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy of representation by counsel." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)).

"No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. "[I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'" State v. Chew, 179 N.J. 186, 217 (2004) (quoting Strickland, 466 U.S. at 690-91).

To satisfy the prejudice prong, a defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. As such, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." Chew, 179 N.J. at 204 (citing Strickland, 466 U.S. at 694); see also O'Neil, 219 N.J. at 611 ("A 'reasonable probability' simply means a 'probability sufficient to undermine confidence in the outcome' of the proceeding." (quoting Strickland, 466 U.S. at 694)).

Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. "Important to the prejudice analysis is the strength of the evidence that was before the fact-finder at trial." Pierre, 223 N.J. at 583. To that end, "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Strickland, 466 U.S. at 696. Ineffective-assistance claims are more appropriately raised on a petition for post-conviction relief instead of direct appeal. State v. Howard-French, 468 N.J. Super. 448, 469 (App. Div. 2021) (citing McQuaid, 147 N.J. at 484). Generally, there is a "policy against entertaining ineffective-assistance-of-counsel claims

on direct appeal because they generally require examination of evidence outside the trial record." Id. (quoting State v. Preciose, 129 N.J. 451,460 (1992)).

We summarize the second PCR judge's findings. The judge thoroughly recounted the record adduced between defendant's first and second PCR petitions, including the testimony of defendant and his three trial attorneys. The judge found defendant declined to testify during the second PCR evidentiary hearing "because if he testified[,] his testimony would be the same." The judge further found defendant also declined to call first PCR counsel because defendant and his attorney "d[id] not believe it would be advantageous . . . to call him." After reviewing the testimony, the PCR judge found that defendant's IAC claims were "untenable." On defendant's IAC claim against first PCR counsel, the judge determined that counsel's failure to bring Roberts before the first PCR court was not error. The judge next found "[t]here is nothing to suggest that had previous PCR counsel been able to locate . . . Roberts, that his testimony would have been different had he been produced at the earlier hearing."

We note that the second PCR judge failed to address the IAC claim against appellate counsel in her written statement of reasons. While such an oversight may ordinarily call for a remand, we see no need to do so here, given the state

of the record. This is because defendant's IAC claims against appellate counsel fail for various reasons. Meehan v. Antonellis, 226 N.J. 216, 221 (2016).

A defendant is also entitled to effective assistance of appellate counsel, but "appellate counsel does not have a constitutional duty to raise every non frivolous issue requested by the defendant . . . ." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citation omitted). Appellate counsel will not be found ineffective for failure to raise meritless issues or errors an appellate court would deem harmless. See State v. Echols, 199 N.J. 344, 361 (2009).

Counsel is under no obligation to advance meritless arguments on appeal. Our review of the record convinces us that none of defendant's remaining claims against appellate counsel have merit. The remaining claims include failure to argue that counsel was ineffective: in preparing for trial; consulting with defendant regarding discovery; in failing to call expert and lay witnesses; in presenting defendant's intoxication argument; in failing to call a pathologist to testify about cause of death; in asking defendant a question on direct which caused defendant to misstate the basis for a prior conviction; in failing to prevent alleged prosecutorial misconduct; and in failing to voir dire the jury on their views concerning chronic alcohol and marijuana use.

On the whole, the claims are either bald assertions which lacked merit in previous proceedings, or they are claims which are barred because they have already been resolved on direct appeal. On this record, we cannot say that inclusion of any of these arguments on direct appeal would create a reasonable probability that the outcome would have been different. O'Neil, 219 N.J. at 610-11. While the trial court overlooked this issue in its otherwise comprehensive analysis, we are satisfied the error was harmless.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division