**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2109-24

ABRAHAM WEITZMAN,

    Plaintiff-Appellant,

v.

RWJBARNABAS HEALTH, INC.,
ROBERT WOOD JOHNSON
UNIVERSITY HOSPITAL,

    Defendants-Respondents.

_____

Submitted January 26, 2026 – Decided February 11, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2209-24.

Abraham Weitzman, self-represented appellant.

Ronan Tuzzio & Giannone, PA, attorneys for respondents (Robert G. Maglio, of counsel and on the brief).

PER CURIAM

This appeal arises from a trial court dismissal of plaintiff Abraham Weitzman's medical malpractice action against defendant Robert Wood Johnson University Hospital, following his failure to provide an Affidavit of Merit ("AOM") as required by N.J.S.A. 2A:53A-27 ("AOM statute").

On appeal, plaintiff contends the trial court erred by dismissing his complaint due to alleged procedural deficiencies, including the absence of a Ferreira[1] conference and erred in rejecting his contentions he complied with the equitable doctrine of substantial compliance and provided extraordinary circumstances requiring the court to deny defendant's dismissal motion. We are unpersuaded and affirm for the reasons expressed by Judge Randall J. Corman in his oral decision.

I.

The background facts[2] and procedural history are not complicated. In April 2022, plaintiff was brought to defendant hospital by ambulance for emergency treatment. He alleges the hospital and staff failed to properly diagnose and treat his underlying medical condition. On July 5, 2022, plaintiff

---

[1] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

[2] We discuss plaintiff's medical circumstances, which he set forth in his brief and appendix, by necessity. R. 1:38-1A

submitted a Notice of Claim to the hospital regarding the incident. In April 2024, plaintiff filed his initial complaint alleging medical negligence against defendant. Later, he filed an amended complaint expanding his claims.

Defendant filed its answer to the amended complaint on October 3, 2024. On November 19, 2024, plaintiff filed a Motion to Amend the Complaint to add RWJ Barnabas Health as a defendant, added as defendants the medical professionals who treated him there, to extend time to file an AOM, and to adjourn the Ferreria Conference. On January 3, 2025, the trial court heard oral argument on plaintiff's motion. Defendant opposed an extension for service of the AOM asserting a Ferreira conference was scheduled but had to be adjourned because plaintiff did not appear.

Following oral argument, the trial court granted plaintiff's request to add RWJ Barnabas Health as a defendant but denied his request to add the individuals, finding the amendment would be futile due to the expiration of time under the statute of limitations. On January 24, 2025, plaintiff sought leave to appeal the partial denial of his motion to amend his complaint, which we denied. Weitzman v. Robert Wood Johnson Univ. Hosp., No. M-2882-24 (App. Div. Feb. 18, 2025).

3

During this same time period, defendant moved to dismiss plaintiff's complaint with prejudice on the grounds plaintiff failed to serve an AOM within the statutory period as required by the AOM statute. Plaintiff opposed, citing procedural issues, extraordinary circumstances in securing an expert, applicability of exceptions to the AOM requirement, and the absence of a Ferreira conference.

On February 28, 2025, the trial court heard oral argument. Notably, the court highlighted that plaintiff had requested an adjournment to obtain counsel throughout the proceedings but failed to do so:

> THE COURT: Mr. Weitzman, a couple times – there was another motion on this case. A few times you had asked for an adjournment to get an attorney. Obviously, you haven't gotten one; is that right?
>
> MR. WEITZMAN: Ye[s], I still don't have one.

The court also asked plaintiff if he had obtained an AOM.

> THE COURT: Mr. Weitzman, have you obtained an Affidavit of Merit as of today? (No audible response) Are you there?
>
> MR. WEITZMAN: Not yet.

Following argument, the court issued its oral decision, finding:

> Mr. Weitzman, I'm afraid I have to grant this motion . . . Number one, there's no substantial compliance because we still don't have an Affidavit of

Merit. I mean, if it was -- I understand that there's a[n] Appellate Division case that says you have to have it. You know, you have to get it within 120 days, otherwise the case has got to be dismissed. Well, at least if you had it and it was late, I could at least look at that argument. But without any Affidavit of Merit, there has been no substantial compliance. If you can't find a healthcare professional willing to say that your case has merit, then under the statute the [c]ourt must assume that it doesn't.

Concerning plaintiff's contention the common knowledge exception applies, the court found:

[The Common Knowledge Doctrine] really can only apply in very limited circumstances. . . . But the standard here is that anything that is beyond the ken of the average juror requires an expert. And whether or not a blood test is needed in this particular situation is not something that the average juror is able to know whether that's true or not. You need a doctor to decide that. You need a doctor to testify that that is needed. You need a doctor to testify that that's beyond the -- that that does not meet the applicable standard of care. Only a doctor could -- can tell you what the standard care is, not, you know, just some random juror. So, the Common Knowledge Doctrine does not apply.

Addressing plaintiff's argument regarding whether defendant's policies and procedures were negligent, Judge Corman found:

[T]he argument about administrative negligence, that also fails. Because the [AOM] statute in particular – that's 2A:53[A]-26 [sic]. It lists a number – it says that if you're going to sue a licensed person for, you know, malpractice, you need to get an [AOM]. [2A:]53A-26

5

includes [] subsection (j)[, which] says that a healthcare facility is a licensed person. So, a hospital such as Robert Wood Johnson Hospital would be a licensed person. If you want to say they did something wrong in failure to diagnose someone, you need an [AOM], someone qualified in hospital administration that would be able to testify that they should have had the appropriate procedures in the emergency room that I could identify a condition such as this and properly diagnose it. And so the statute does apply. And I'm very sorry, Mr. Weitzman, I need to dismiss your case.

The court issued its written order the same day, dismissing plaintiff's complaint with prejudice for failure to serve an AOM.

On appeal, plaintiff argues the trial court erred in dismissing his complaint with prejudice for failure to serve an affidavit of merit, specifically contending (1) the dismissal was improper due to procedural deficiencies and lack of a [Ferreira] conference; (2) he satisfied the doctrine of substantial compliance requiring the court to deny defendant's dismissal motion; (3) his claims do not require an AOM; (4) extraordinary circumstances existed that required a denial of defendant's motion; and (5) alternatively, the administrative negligence exception does not apply, the court should have permitted plaintiff to file an AOM presently, in the interests of justice.

A-2109-24

A motion to dismiss for failure to provide an AOM is equivalent to a motion to dismiss for failure to state a claim. See N.J.S.A. 2A:53A-29. We must "'pass no judgment on the truth of the facts alleged' in the complaint and must 'accept them as fact only for the purpose of reviewing the motion to dismiss.'" Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (App. Div. 2022) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005)). "[W]hether plaintiff satisfied the AOM statute is a matter of statutory interpretation for which our standard of review is de novo." Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022).

The AOM statute states:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in [their] profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]

"The submission of an appropriate [AOM] is considered an element of the claim." Meehan v. Antonellis, 226 N.J. 216, 228 (2016); see also N.J.S.A. 2A:53A-29. Thus, "where a plaintiff fails to provide an [AOM] within the statutorily mandated timeframe, it shall be deemed a failure to state a cause of action unless the plaintiff satisfies an exception to the [AOM] requirement." Cowley v. Virtua Health Sys., 242 N.J. 1, 23 (2019). Absent an applicable exception, failing to provide an AOM within the statutorily prescribed timeframe "requires dismissal with prejudice for noncompliance." Ibid.

In Ferreira, the New Jersey Supreme Court mandated that an accelerated case management conference be held within ninety days of service of an answer in all malpractice actions. 178 N.J. 144, 154 (2003). The purpose is "to identify any failure to comply with the affidavit of merit statute in time to correct it within the statutory time limit." Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 423 (2010). Failure to hold a Ferreira conference, however, "will not serve to toll the statutory time frames." Id. at 426.

Some established exceptions to the AOM requirement are: (1) substantial compliance and (2) extraordinary circumstances. See Yagnik v. Premium Outlet Partners, LP, 467 N.J. Super. 91, 96 (App. Div. 2021). "[Substantial

8

compliance] is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 352 (2001). The substantial compliance doctrine requires the moving party to show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.
>
> [Ferreira, 178 N.J. at 151.]

"Establishing those elements is a heavy burden." Galik, 167 N.J. at 357.

Recent case law assists us in defining the limited scope of the "extraordinary circumstances" exception:

> Extraordinary circumstances do not exist due to: [1] an "undisputed pattern of inattentiveness" and "outright ignorance" by an attorney of requirements under the AOM statute; [2] the sole fact that the trial court failed to hold a Ferreira conference; [3] a delay in obtaining the plaintiff's medical records; [4] an attorney's "carelessness, lack of circumspection, or lack of diligence"; or [5] "ignorance of the law or failure to seek legal advice."
>
> Extraordinary circumstances do exist where: [1] the AOM deadline expired before the plaintiff and the defendant finished negotiating a stipulation of dismissal without prejudice, preserving a plaintiff's opportunity to reinstate the claim, and discovery

uncovered more about the dismissed defendant's responsibility; [2] the defendant's answer falsely stated his board certification, the defense failed to correct the misstatement and repeated it in a certification and brief supporting a motion to dismiss, and the court failed to timely conduct a Ferreira conference and dismissed the complaint based on the misrepresentation; or [3] there is legal confusion over statutory requirements amended by common law.

[Gonzalez v. Ibrahim, 477 N.J. Super. 647, 658 (App. Div. 2024) (citations omitted).]

When extraordinary circumstances are present, "a late affidavit will result in dismissal without prejudice." Paragon Contractors, Inc., 202 N.J. at 422-23.

After our careful review of the record, we conclude plaintiff's arguments are without sufficient merit to warrant extensive discussion in a written opinion and we affirm for the cogent reasons expressed by Judge Corman. R. 2:11-3(e)(1)(E). We add only the following.

We deem the failure of the court to reschedule a Ferreira conference was not sufficiently prejudicial to plaintiff to require a reversal. We point out defendant was granted an adjournment of the first scheduled conference, failed to request a new conference date, failed to raise any issues concerning the need to file an AOM, and failed to move for any relief to extend the time to file an AOM until after the 120-day time requirement expired. Here, we conclude there are insufficient reasons to deviate from the Court's holding in Paragon

10

Contractors, finding the lack of a Ferreira conference, "will not serve to toll the statutory time frames." 202 N.J. at 426.

We further concur with the trial court that plaintiff did not satisfy the doctrine of substantial compliance because despite his representations that he engaged in extensive efforts to obtain an expert to provide an AOM on his behalf, he was unable to obtain one. The trial court heard defendant's motion to dismiss on February 28, 2025, approximately 148 days after the filing of defendant's answer—well after the 120 day filing requirement—at which time plaintiff was still unable to represent he had obtained an expert to execute an AOM, or even that he was speaking with an expert or was awaiting an answer from an expert concerning the execution of an AOM on his behalf. It was well after the deadline to file an AOM at that point, and plaintiff had not complied with the AOM statute nor provided a reasonable explanation as to the reasons he was unable to comply with the statutory timeline. Therefore, we conclude despite plaintiff's efforts to secure an expert, those efforts failed to establish the "heavy burden" to prove substantial compliance.

For the reasons expressed by the trial court, we further determine defendant failed to show extraordinary circumstances to excuse his failure to file an AOM. In Gonzalez, we squarely rejected the proposition that

11

extraordinary circumstances are satisfied by the failure to hold a <u>Ferreira</u> conference, through a delay in obtaining medical records, the ignorance of the law or a failure to seek legal advice. 477 N.J. Super. at 658.

We further reject plaintiff's contention that an AOM was not necessary because the Common Knowledge Doctrine applies. We agree that plaintiff's claim of medical negligence, which involved the specialized topic of ordering a blood test was beyond the ken of an average juror that required an AOM.

Although we are understanding of plaintiff's plight, and recognize plaintiff strongly believes he was injured by defendant's medical negligence, we determine he has failed to satisfy the elements of the doctrine of substantial compliance or provided exceptional circumstances to overcome the strict time requirements for the filing of an AOM under the AOM statute.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division